In re William Wendell DEAN, Debtor.

Milton C. H. GELLING,
Plaintiff-Appellant,

v.

William Wendell DEAN,
Defendant-Appellee.

BAP No. NC–81–1006–KVL.
Bankruptcy No. 1–79–00887.
Adv. No. 1–80–0039.

United States Bankruptcy Appellate Panels,
Ninth Circuit.

Argued March 20, 1981.
Decided May 11, 1981.

Michael W. Davidson, Berke & Rivera, Walnut Creek, Cal., for plaintiff-appellant.

Robert E. Izmirian, Hoffman, Kelly, Stokes & Izmirian, San Francisco, Cal., for defendant-appellee.

Before KATZ, VOLINN and LASAROW, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

This appeal involves, primarily, an order of the Bankruptcy Court for the Northern District of California dismissing with prejudice, pursuant to Rule Bankr.Proc. 712(b), incorporating Fed.R.Civ.P. 12(b)(6), the plaintiff-appellant's amended complaint for failure to state a claim upon which relief can be granted. Since the dismissal order does not state the specific basis for its entry, we assume that the Court accepted the contentions of the appellee, as found in the submitted excerpts of the record, to the effect that appellant's claims were factually deficient or time-barred. Further, appellee

contends that appellant filed his appeal late.

On November 26, 1979, Dean, the debtor and appellee, filed his chapter 7 petition. April 9, 1980 was set as the last day for filing dischargeability complaints. Gelling, on April 8, 1980, filed a complaint seeking a determination that his state court judgment was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). The judgment was based on Dean's default on a promissory note dated February 15, 1978. Pursuant to their written agreement, the note substituted Dean as sole obligor on two unmatured notes made in 1974 to Gelling by the Kiitos Corporation, for which, at that time, Dean served as secretary.

On June 11, 1980, a day before the hearing on Dean's motion to dismiss the complaint for failure to state a claim upon which relief could be granted, plaintiff filed an amended complaint. The Bankruptcy Court, on October 1, 1980, granted Dean's motion to dismiss the amended complaint. Plaintiff's counsel first learned of the dismissal order on October 22, 1980. He then filed a request for extension of time to appeal on October 30, 1980. The earliest time for hearing this request was December 11, 1980, at which time the Bankruptcy Court granted an extension to December 16, 1980. The notice of appeal was filed December 15, well beyond the ten-day appeal period prescribed by Rule 802(a).

■ Inasmuch as plaintiff first learned, by a call to the Bankruptcy Court, of the entry of the dismissal order after the ten-day filing period had elapsed, a sufficient showing of excusable neglect for not timely filing a request to extend time to appeal has been made under Rule 802(c). Gelling reasonably deferred filing an appeal until the Bankruptcy Court ruled on his request. The appellee conceded at oral argument, and this Court so holds, that the appeal therefore is timely within the rationale of *Matter of Estate of Butler's Tire and Battery Co., Inc.*, 592 F.2d 1028 (9th Cir. 1979).

■ Dismissal of litigation without according parties a hearing on the merits is not favored. See *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d ·208 (9th Cir. 1957). Thus it has been held that a Rule 12(b)(6) motion should not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven within the framework of the allegations of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The material allegations of the complaint are taken as admitted, and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404, *rehearing denied* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969). All doubts as to the facts are resolved in favor of the pleader. *Ernest W. Hahn, Inc. v. Codding*, 615 F.2d 830 (9th Cir. 1980).

The basic issue then, assuming the amended complaint filed after the time bar states a claim, is whether it, in any aspect, "relates back" under Fed.R.Civ.P. 15(c), as incorporated by Rule 715, to the date of the original complaint, filed the day before the April 9, 1980 deadline.

The original complaint alleges that the defendant Dean, as an "insider", caused the Kiitos Corporation (which he presumably controlled) to issue notes in 1974 to plaintiff in return for some $20,000 in loans. Thereafter in 1978, Dean advised plaintiff that he was retiring from Kiitos Corporation and proposed that his personal obligation be substituted for that of the corporation. Accordingly, a new note was issued whereby Dean replaced Kiitos as obligor. The complaint is based on written fraudulent statements alleged to have been made by Dean to plaintiff:

"1. Kiitos Corporation guaranteed repayment of [the] loans through a trust fund which would, at no time, contain less than the principal amounts of the loans.

2. Kiitos Corporation and its successor, DLD, Inc., were, at all times, able to repay the loan principal and interest due during the period 11/15/74–1/19/78.

3. Dean, individually, was solvent and able to repay the principal and interest when the notes matured."

Attached to the complaint are exhibits consisting of the written documents alleged to have been the basis for these claims. It may be fairly stated, at this point, that any reading of these exhibits could not support an action based on fraud. Thus, immediately prior to the hearing on the motion, plaintiff voluntarily filed an amended complaint.

The amended complaint, to which certain exhibits were attached, substituted for the original allegations, the following other allegations as to oral and written misrepresentations which, in substance, appear to state:

"1. Dean *orally* represented to Gelling that the proceeds of Gelling's loans would be used to invest in real property when, in fact, the proceeds of said loans were directly deposited into accounts controlled by the defendant for use in the general business of the defendant and to pay off dissatisfied investors in defendant's business.

2. Dean represented to Gelling that the loan proceeds would be invested in a highly profitable venture, which would result in substantial profits to Gelling when there was no reasonable or good faith basis for such representations.

3. Dean failed to disclose to Gelling that the proceeds of the loans would be used to pay off Dean's personal debts."

■ In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim. See 3 *Moore's Federal Practice* ¶ 15.15[3], pps. 15–196–205 (2d Ed. 1980). The basic test is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed; or as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between what was pleaded in the original and amended complaints. *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355 (9th Cir. 1966).

■ As to the specific allegations of oral fraud, assuming for the sake of argument that representations, albeit qualitatively different, (oral vis-a-vis written) may relate back if the subject matter is the same, the question then arises as to whether such is the case with respect to these statements. Any reading of the original complaint makes it evident that plaintiff has shifted to new ground in alleging fraudulent conduct on the part of Dean.

The amended complaint further sets forth a claim based on 11 U.S.C. 523(a)(2)(B) which would except from discharge the judgment debt if plaintiff could prove that his investments were induced by a written statement which was: (a) materially false; (b) respecting Dean's financial condition as an "insider" of Kiitos Corporation; (c) reasonably relied upon by plaintiff; and (d) made by Dean with the intent to deceive plaintiff.

■ Liberally construing the allegations contained in the documents submitted in support of the complaint as the qualifying written statements under § 523(a)(2)(B), it is apparent, as with the original complaint, that they are factually insufficient or irrelevant to the claim.

Exhibit "E" is an August 2, 1974 letter from Dean, as secretary of Kiitos Corporation, to plaintiff. It forwards to plaintiff the corporation's promissory note for $16,000, and advises plaintiff that the interest on the note is payable quarterly. These statements do not relate to Dean's financial condition. Exhibit "F" is a May 1, 1975 letter from Dean to plaintiff which relates to the financial condition of Kiitos Corporation, and is irrelevant to the loans plaintiff made in 1974. In any event, contentions as to what the letter conveyed, or what plaintiff thought it conveyed, are completely unrelated to anything pleaded in the original complaint. Exhibit "C" is a letter dated January 19, 1978 from Dean to plaintiff proposing that Dean be substituted as sole

obligor on the 1974 promissory note from Kiitos Corporation. It makes no statement as to the financial conditions of Kiitos Corporation or Dean.

■ Finally, it should be noted that plaintiff did not seek leave to further amend his amended complaint. He chose instead to stand on his dismissed pleading and to test the propriety of the Court's dismissal on appeal. The dismissal with prejudice operated as an adjudication on the merits. *Florentine v. Landon*, 231 F.2d 452, 454 (9th Cir. 1955). Leave to amend should be granted only if it appears that plaintiff is able to correct the deficiencies upon which the dismissal is grounded. *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963), *Mooney v. Vitolo*, 435 F.2d 838 (2nd Cir. 1970). Here, plaintiff presumably came forward in his second complaint with his best allegations and supporting documentation. It is clear that, recognizing the defective character of the initial complaint, after the time bar became effective, he filed the amended complaint. Within the context of Fed.Rules Civ.P. 12, 9 and 15, and their Bankruptcy Rule analogues, the amended complaint was subject to dismissal.

While motions to dismiss should not be granted without compelling reason, we are satisfied from the record that plaintiff's efforts to timely state a claim of non-dischargeability are without merit.

Accordingly, the judgment of dismissal of the amended complaint if AFFIRMED.