In re Ralph Antonio HERRERA SSN 524–36–5563, Marie Ruth Herrera SSN 523–38–3262 dba Construction Enterprises Excavating and Construction Enterprises Excavating, Inc., Taxpayer ID 84–0628956, Debtors.

Bill L. MAES and Katie Z. Maes, Plaintiffs,

v.

Ralph HERRERA and Marie Ruth Herrera, Defendants.

Bankruptcy No. 81 B 05867 J.
Adv. No. 83 J 1635.

United States Bankruptcy Court, D. Colorado.

Jan. 19, 1984.

**694**

Claire Holmes, Smart, DeFurio, Brooks, Eklund & McClure, Denver, Colo., for plaintiffs.

Lee Kutner, Paul Rubner, P.C., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on December 27, 1983, on the Defendants' Motion to Amend Order.

The Defendants request the Court to amend its Order of November 29, 1983, which granted the Plaintiffs' Motion to Amend their Complaint. Plaintiffs' original Complaint to Determine Dischargeability of a Debt was filed August 2, 1983. It alleged that Defendants obtained Plaintiffs' property through fraud and conversion and that the claim thereby created was non-dischargeable pursuant to 11 U.S.C. Sec. 523(a)(6) for willful and malicious injury by the debtor to the property of another entity. The deadline for filing complaints objecting to dischargeability of debts was August 8, 1983, the date on which the Defendants' Chapter 11 plan was confirmed. Plaintiffs' First Amended Complaint, filed November 23, 1983, adds a claim of non-dischargeability under 11 U.S.C. Sec. 523(a)(2)(A) for obtaining money, property or services by false pretenses or actual fraud. The Defendants have asked that the Court amend its Order to grant Plaintiffs' Motion to amend their Complaint only so far as it supports their claim under Sec. 523(a)(6) and deny the motion insofar as it sets forth the second claim for relief under 11 U.S.C. Sec. 523(a)(2).

As a general rule, additional or new grounds of objection may not be added by way of an amendment filed after the deadline for filing complaints objecting to discharge has passed. 4 *Collier on Bankruptcy*, ¶ 727.14 at 727–84 (15th ed. 1983); *In re Anderson*, 30 B.R. 229 (Bkrtcy.S.D.Fla. 1983). However, the plaintiffs have argued that under F.R.C.P. 15(c), made applicable to this adversary proceeding by Bankruptcy Rule 7015, their claim under Sec. 523(a)(2) arises out of the same conduct, transaction, or occurrence set forth in the original complaint, thus the amendment relates back to the date of the original complaint.

In applying Rule 15(c), federal courts have focused on the notice given to the defendant by the original pleading. The basic tests for applying Rule 15(c) have been stated as follows:

> [I]f the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged ... will relate back... Similarly, while it is still the rule that an amendment which states entirely new claim (sic) for relief based on different facts will not relate back, if the pleading sufficiently indicates the transaction or occurrence on which the claim or defense is based, amendments correcting specific factual details ... will relate back.

> The Federal Rules have broadened the meaning of the concept of 'cause of action', shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence will relate back.

3 *Moore's Federal Practice*, ¶ 15.15[3], pp. 15–194–208.

Most of the changes in the Plaintiffs' amended complaint are clarifications of or amplifications to factual situations of

which the Defendants were given adequate notice in the original complaint. Further, although the first complaint contained only a reference to Sec. 523(a)(6) for willful and malicious injury to property, it contained allegations that the Defendants intentionally made false representations to the Plaintiffs that Defendants would transfer 50% of the corporate stock to the Plaintiffs. In reliance on these representations, the complaint stated, Defendants transferred property to Plaintiffs. Thus, a cause of action under Sec. 523(a)(2)(A) for obtaining property by false pretenses, false representations, or fraud was stated in the original complaint though the Plaintiffs did not cite to the applicable statutory provision. An amendment which adds or changes the statutory provision relied on, but which relies on the same facts to support the claim, will relate back. 3 *Moore's Federal Practice, supra; Denver and Rio Grande Western Railroad v. Clint,* 235 F.2d 445 (10th Cir. 1956). Therefore, I find that the amendments set forth in paragraphs 3(d), 4, 5, 7, 8, 11 and 14 of the First Amended Complaint will relate back to the date of the original complaint.

In paragraphs 9 and 10 of the amended complaint, Plaintiffs allege that Defendants, with an intent to deceive and defraud Plaintiffs, failed to disclose the assets and liabilities of the business, concealed bank accounts, and used corporate funds for their own purposes. Though Plaintiffs did allege fraud in their first complaint, it was based on different statements and conduct of the Defendants. The first complaint contained no mention of concealment or misuse of corporate assets. The only fraudulent conduct relied upon by Plaintiffs in the original complaint was Defendants' alleged misrepresentation of their intent to transfer the stock to Plaintiffs in exchange for Plaintiffs' property. Though the same broad subject matter, i.e. the purchase of an interest in Defendants' business, is involved, the fraudulent concealment and misappropriation of assets is not the "same transaction or occurrence" as the misrepresentation of intent to transfer the stock.

A similar situation was addressed by the United States Bankruptcy Appellate Panel for the Ninth Circuit in *In re Dean,* 11 B.R. 542 (1981), *aff'd,* 687 F.2d 307 (9th Cir.1982). The original complaint in that case alleged fraud based on written statements with respect to the debtor's intent and ability to repay certain loans. The amended complaint, filed after the deadline for dischargeability complaints, alleged other oral and written misrepresentations concerning the use of the proceeds of the loans. The court stated that the test of whether an amended cause of action is to relate back is "whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim." *In re Dean, supra* at 545 (citation omitted). It concluded that the amendments would not relate back because the misrepresentations dealt with a different subject matter and it was evident that the plaintiff had "shifted to new ground in alleging fraudulent conduct on the part of [the debtor]". *In re Dean, supra.*

So it is here as well. The allegations concerning the concealment of assets are a "new ground" of fraud and will not relate back to the date of the original complaint.

Therefore, it is

ORDERED that the Court's Order of November 29, 1983, is modified to deny the motion to amend with respect to the allegations set forth in paragraph 9 and 10 of the amended complaint. In all other respects, the motion to amend is granted.