**In re Soly SROUR, Debtor.**

**The CIT GROUP/FACTORING MANU-FACTURERS HANOVER, INC. successor to the CIT Group/Factoring Meinhard–Commercial, Inc., Plaintiff,**

v.

**Soly SROUR, Defendant.**

**Bankruptcy No. 90 B 20296.
No. 90 ADV. 6070.**

United States Bankruptcy Court,
S.D. New York.

April 1, 1992.

Marc Stuart Goldberg & Associates, P.C., New York City, for debtor.

Strassberg & Strassberg, P.C., New York City, for plaintiff.

## DECISION ON AMENDED COMPLAINT, MOTION FOR ORDER DISMISSING AMENDED COMPLAINT AND CROSS–MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Soly Srour ("Srour"), the debtor in this voluntary Chapter 7 case, has moved in accordance with Federal Rule of Civil Procedure 12(c) and Federal Rule of Bankruptcy Procedure 7012 to dismiss the amended complaint of CIT Group/Factoring Manufacturers Hanover, Inc. ("CIT"), a judgment creditor, in an adversary proceeding brought on by CIT to deny Srour's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (4). Srour asserts that CIT's amended complaint objecting to discharge must be dismissed as untimely under Federal Rule of Bankruptcy Procedure 4004(a) because it was filed more than 60 days after the initial meeting of creditors. In addition, Srour argues that this court should dismiss CIT's amended complaint under Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041 because CIT failed to pursue diligently the action that it had commenced.

CIT opposes the debtor's motion for several reasons. CIT asserts that the amended complaint is not time barred under Rule 4004 because the original complaint, which was timely filed, apprised Srour of the facts and circumstances upon which the objection to discharge under 11 U.S.C. § 727 is based. CIT also contends that its amended complaint should not be dismissed under Rule 4004(a) for failure to prosecute because Srour and his attorney, Marc Stuart Goldberg ("Goldberg"), are responsible for delaying the action. CIT further argues that Srour's motion to dismiss the action for failure to prosecute is procedurally defective because Srour did not provide

the United States Trustee with notice of the motion as required by Rule 7041. CIT has made a cross-motion for summary judgment on its amended complaint to deny Srour's discharge pursuant to Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7015.

## FACTUAL BACKGROUND

Srour and his wife, Jean Srour, residents of Larchmont, New York, were the sole shareholders and officers of Status Signature, Inc. ("Status"), a corporation in the business of manufacturing clothing. Status entered into a factoring agreement with CIT Group/Factoring Meinhard–Commercial, Inc. the predecessor of CIT, the plaintiff in this case. Pursuant to that agreement, Status' obligations to CIT were guaranteed both by Srour personally and by Ingram Collection, Ltd. ("Ingram"), an affiliated corporation. The agreement also granted CIT a security interest in all of Status' accounts receivable, the proceeds thereof, as well as all goods relating to such accounts receivable. Status ceased operating in June, 1987.

In January, 1989, CIT sued Status in New York State Supreme Court for defaulting on the factoring agreement. Srour and Ingram were also named as defendants in that action based upon their guaranties of Status' debts. On October 4, 1989, as a result of CIT's lawsuit, the parties entered into a consent judgment in favor of CIT in the amount of $4,873,303.00.

Srour filed with this court a petition for relief under Chapter 7 of the Bankruptcy Code on April 10, 1990. Thereafter, CIT timely filed a proof of claim with the court in the amount of the judgment. CIT filed a complaint in an adversary proceeding to declare Srour's debt nondischargeable under 11 U.S.C. § 523(a)(4) on June 15, 1990. Three days later, the meeting of creditors, mandated by 11 U.S.C. § 341(a), took place. Following the meeting, Eric Kurtzman, the Chapter 7 trustee, filed with the court a no-asset report. Kurtzman was then discharged as trustee. Srour has not yet obtained his discharge.

In its original complaint, CIT asserts six claims for relief on its cause of action against Srour under 11 U.S.C. § 523(a)(4). In all of the claims, CIT essentially alleges that Srour diverted property from Status in 1987, when it was insolvent. CIT claims that in 1987 Srour gave office equipment belonging to Status, upon which CIT had a security lien, to Touro College and that Srour deducted the donation as a charitable expense on his personal income tax return. CIT also argues that Srour and his wife received excessive salaries from the corporation and that Srour provided his wife with a "no show" job at Status. In addition, CIT claims that Srour obtained his 1978 Mercedes automobile from Status for little or no consideration which he listed as exempt property on his Chapter 7 petition. CIT also alleges that during Status' insolvency, either Srour or his wife, insiders under 11 U.S.C. § 101(31), borrowed $64,396.00 from the company.

Srour answered CIT's complaint on August 17, 1990. His time to answer had previously been twice enlarged, with CIT's consent. Thereafter, on October 4, 1990, CIT moved in this court to amend the complaint. Srour made a cross-motion to dismiss the complaint for failure to state a cause of action and failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). On November 5, 1990, after a hearing, the court granted Srour's cross-motion and gave CIT leave to replead within thirty days after entry of an order. CIT's motion to amend the complaint was dismissed as moot. An order reflecting the court's decision was entered on January 2, 1991.

On January 11, 1991, CIT served an amended complaint with the caption *First Amended Complaint Objecting To Discharge*. In the amended complaint, CIT objects to the debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (4). The amended complaint sets forth nine causes of action. The set of facts upon which CIT bases its first five claims for relief in the amended complaint are substantially the same as the claims CIT set forth in the original complaint. CIT also asserts four

claims which are based on entirely new facts.

The additional claims asserted by CIT in the amended complaint are based upon facts that were not alleged in the original complaint. In one of the claims, CIT charges that Srour transferred his own property to his wife for the sole purpose of preventing CIT from collecting its judgment from him. CIT asserts that Srour stopped working for Status in 1987 and became re-employed. At that point, Srour closed all bank accounts in his name. In 1989, after CIT commenced the suit on his guaranty, CIT alleges that at Srour's behest, his employer began depositing his pay checks directly into his wife's bank account without consideration. Because of this transfer, CIT alleges that Srour should be denied a discharge under 11 U.S.C. § 727(a)(2).

CIT further argues that Srour possesses unfettered access to his wife's bank account and has an equitable interest in the account to the extent of his salary. Srour did not list the account on his schedules. CIT charges that Srour's salary is used by his wife to pay the mortgage on their residence which she owns. Thus, the debtor's income is used to accumulate equity in the home. This equitable interest is not listed in Srour's schedules. CIT claims that under 11 U.S.C. § 727(a)(4), the omission of the home and bank account from Srour's schedules constitutes a false oath and willful concealment of an asset of the estate and accordingly warrant denial of discharge.

Srour filed his answer to the amended complaint on February 11, 1991. In the answer, Srour denies virtually all of CIT's allegations and asserts that CIT's claim is untimely. In addition, Srour requests costs and attorney's fees. On February 7, 1992, Srour moved to dismiss the complaint on the grounds that it is untimely under Bankruptcy Rule 4004(a) which provides that actions to deny discharge under 11 U.S.C. § 727 must be brought within 60 days after the initial 11 U.S.C. § 341(a) meeting of creditors. CIT's complaint objecting to Srour's discharge was not served until al-

most seven months after the first meeting of creditors. In addition, Srour seeks to dismiss CIT's amended complaint under Federal Rule of Civil Procedure 41 and Bankruptcy Rule 7041 alleging that CIT neglected to prosecute the action zealously. It has been more than a year since CIT served its original complaint.

CIT resists the debtor's motion and sets forth several arguments in support of its position. CIT contends that its amended complaint is not untimely under Rule 4004(a) because the allegations contained in the original complaint to declare CIT's debt nondischargeable under 11 U.S.C. § 523 put the debtor on notice that a cause of action objecting to discharge under 11 U.S.C. § 727 could be asserted.

CIT also argues that its amended complaint should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute because the delay in pursuing the action was the fault of Srour and his attorney, Goldberg. CIT asserts that it was not neglectful in pursuing the action. Rather, CIT claims that the debtor repeatedly failed to comply with valid discovery requests and alleges that Srour failed to produce documents, appear for deposition and respond to requests for admissions. CIT also attributes the delay to Goldberg's failure to advise CIT of dates that his firm would be available to try the case despite CIT's repeated requests for such information. CIT further argues that the complaint should not be dismissed under Bankruptcy Rule 7041 because the United States trustee was not given proper notice of the motion as required by the statute. In addition, CIT has made a cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7015 on its amended complaint to deny Srour's discharge under 11 U.S.C. §§ 727(a)(2) and (4).

## DISCUSSION
### DISMISSAL OF AMENDED COMPLAINT UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal

of an action or claim based on a plaintiff's failure to prosecute the action. Rule 41 is expressly made applicable to adversary proceedings through Bankruptcy Rule 7041 which provides as follows:

Rule 41 FR Civ P applies in adversary proceedings, except that a compliant objecting to the debtor's discharge shall not be dismissed *at the plaintiff's insistence* without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper. (emphasis added.)

Fed.R.Bankr.P. 7041. In this case, although Srour's motion to dismiss is procedurally valid, it is denied on factual grounds.

■ Srour's motion is procedurally proper even though he failed to give the United States trustee notice. Notice has only been given to counsel for CIT. The statutory language indicates that service on the United States trustee is necessary only if the motion to dismiss under Rule 7041 is unopposed by the plaintiff. The advisory notes relating to the statute make this clear and explain that service on the United States trustee is required because a dismissal of an objection to discharge raises special concerns that the plaintiff may have been induced to dismiss the action. Fed. R.Bankr.P. 7041 advisory committee's note (1983). In this case, where the plaintiff contests the motion, the possibility of collusion between the parties is absent. *See In re Joseph,* 121 B.R. 679, 681 (Bankr. N.D.N.Y.1990). Therefore, service on the United Stated trustee is not required.

■ However, Srour's motion to dismiss is denied on substantive grounds. Dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) is discretionary. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 739 (1962); *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). However, such a motion should be granted only where the plaintiff has clearly engaged in dilatory conduct. *State Establishment for Agric. Prod. Trading v. M/V Weser-*

*munde,* 838 F.2d 1576, 1582 (11th Cir. 1988), *cert. denied,* 488 U.S. 916, 109 S.Ct. 273, 102 L.Ed.2d 262; *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337, 339 (7th Cir.1987). Therefore, the court must determine whether the plaintiff's delay or contumacious conduct justifies dismissal of the case.

■ In this case, the facts do not establish that CIT has unduly held up the action. Goldberg has submitted an affidavit in which he states that the plaintiff's attorney has made no affirmative efforts to prosecute the action other than uncompleted discovery attempts. CIT has explained that Srour and his attorney, Goldberg, are responsible for the delay. According to uncontroverted facts asserted in CIT's papers, Srour stalled the action by failing to comply with valid discovery demands on three separate occasions. Indeed, Goldberg concedes that Srour has never responded to CIT's requests for admissions. CIT's papers also indicate that Goldberg failed to supply CIT with dates that he would be available to try the case despite CIT's repeated requests for such information. The action was adjourned on consent several times without a date. It should be noted that even if Goldberg's allegations attributing the delay to CIT's counsel were accepted as true, dismissal is inappropriate in this case. Dismissal is a harsh sanction and is not proper where failure to prosecute is due to the negligence of the plaintiff's attorney rather than the plaintiff. *Dunbar v. Triangle Lumber & Supply Co.,* 816 F.2d 126 (3d Cir.1987).

### DISMISSAL OF AMENDED COMPLAINT UNDER RULE 4004(a)

Rule 4004(a) of the Federal Rules of Bankruptcy Procedure sets forth the time limit for filing a complaint objecting to the debtor's discharge and provides in pertinent part as follows:

(a) **Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge

under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

Fed.R.Bankr.P. 4004(a). Under Rule 4004(a), the time for objecting to discharge in this case expired August 17, 1990. Although CIT's original complaint objecting to the dischargeability of its debt under 11 U.S.C. § 523 was within the time set by Rule 4004(a), the claims for relief asserted in the amended complaint under 11 U.S.C. § 727 were not. The issue for this court to decide is whether the claims in the amended complaint objecting to the debtor's discharge under 11 U.S.C. § 727 relate back to the date that the original complaint was filed.

Federal Rule of Civil Procedure 15(c) sets forth the standard for determining whether an amended complaint relates back to the filing of the original complaint and states that

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Fed.R.Civ.P. 15(c). Bankruptcy Rule 7015 expressly makes Rule 15 applicable to adversary proceedings such as this case. Under Rule 15(c), if the original pleading sufficiently indicates the factual situation out of which the claim arises, the amendment will relate back. *Kelcey v. Tankers Co.*, 217 F.2d 541, 543 (2d Cir.1954); *Holdridge v. Heyer–Schulte Corp. of Santa Barbara*, 440 F.Supp. 1088, 1093 (N.D.N.Y.1977); *In re Gunn*, 111 B.R. 291, 292 (9th Cir.BAP 1990); *In re Dean*, 11 B.R. 542, 545 (9th Cir.BAP 1981); *In re Fondren*, 119 B.R. 101, 104 (Bankr.S.D.Miss.1990). However, an amendment which states an entirely new claim for relief based upon a different set of facts, will not relate back. *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir.1985). Therefore, to determine whether an amendment relates back under Rule 15(c), it is necessary to examine the similarity between the facts set forth in the original and amended complaints.

It is well settled that an amendment which does not allege additional or different facts will relate back under Rule 15(c) even if the amendment seeks relief based upon a new cause of action. *Tiller v. Atlantic Coast Line R.R. Co.*, 323 U.S. 574, 575, 65 S.Ct. 421, 422, 89 L.Ed. 465, 467 (1945); *Staren v. Am. Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976); *De Malherbe v. Int'l Union of Elevator Constructors*, 449 F.Supp. 1335, 1354 (N.D.Cal.1978); *In re Kelley*, 46 B.R. 63, 67 (Bankr.E.D.Va.1985). The standard for relation back under Rule 15(c) has been enunciated as follows:

The Federal Rules do not depend on the concept of "cause of action," thereby shifting the emphasis from a theory of law as to the "cause of action" to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. Thus, an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back.

James Moore *et al.*, Moore's Manual Federal Practice and Procedure § 909.09[9], 9–153 (2d ed. 1991) (footnotes omitted). The policy behind this rule is to insure that the defendant was apprised of the facts and circumstances in issue. In order for an amendment to relate back, it is crucial that the defendant have ample notice from the original complaint of the particular conduct and facts that are alleged. *Holmes*, 757 F.2d at 1566; *In re Barnes*, 96 B.R. 833, 839 (Bankr.N.D.Ill.1989); *In re Wahl*, 28 B.R. 688, 690 (Bankr.W.D.Ky.1983).

The original complaint asserted six claims, all alleged to be nondischargeable because of the debtor's fraud or defalcation while acting in a fiduciary capacity as proscribed under 11 U.S.C. § 523(a)(4). In the first claim, Srour is alleged to have donated to Touro College office equipment belonging to Status which are recoverable as a fraudulent transfer. This language is essentially repeated in the first claim in the amended complaint. The second claim in the original complaint alleges that Srour caused Status to employ his wife, Jean, in a "no show" job. This language is repeated with additional language in the third claim of the amended complaint, but characterized as a fraudulent conveyance of Status'

assets. The fourth claim in the original complaint asserts that Srour caused Status to increase his salary at a time when Status was insolvent. This point is repeated as the second claim in the amended complaint. The fifth claim in the original complaint alleges that a 1978 Mercedes automobile claimed by Srour as exempt, was actually owned by Status subject to CIT's lien. The fourth claim in the amended complaint repeats this charge but also states that the automobile was transferred by Status to Srour in fraud of Status' creditors. The sixth claim in the original complaint alleges that the debtor and his wife, as insiders, received a loan of approximately $64,-396.00. This language is repeated in the fifth claim of the amended complaint.

Hence, the first five claims in the amended complaint repeat the allegations contained in the original complaint, with additional embellishments. However, instead of seeking a determination of nondischargeability based on fiduciary fraud under 11 U.S.C. § 523(a)(4), the plaintiff now asserts that the facts give rise to a willful transfer of Status' assets to the debtors, recoverable as an attempt to hinder, delay or defraud the creditors of Status.

The balance of the claims in the amended complaint assert facts which were never included in the original complaint. The sixth claim in the amended complaint relates to an alleged violation of the factoring contract between Status and the plaintiff's predecessor. The seventh claim in the amended complaint asserts that Srour transferred his salary to his wife to defraud his creditors. The eighth claim charges that Srour omitted from his schedules his equitable interest in his wife's bank account. The ninth claim asserts facts supporting a claim that Srour omitted from his schedules his equitable interest in the residence he shares with his wife. Accordingly, claims Six through Nine in the amended complaint do not set forth facts which may relate back to the allegations in the original complaint and are now time barred by Rule 4004(a). Under Rule 15(c), the claims in the amended complaint which are based upon entirely different conduct not previously mentioned in the complaint cannot relate back. *Rosenberg v. Martin,*

478 F.2d 520, 526 (2d Cir.1973), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90; *Holdridge,* 440 F.Supp. at 1093; *Barnes,* 96 B.R. at 837; *In re Ksenzowski,* 56 B.R. 819, 829 (Bankr.E.D.N.Y.1985); *Wahl,* 28 B.R. at 690.

Although the first five claims in the amended complaint may relate back to the original complaint in order to overcome the sixty day time limit imposed under Rule 4004(a), they must also overcome another obstacle. The plaintiff, CIT, has cross-moved for summary judgment. CIT's cross-motion for summary judgment requires the court to focus on the merits of the pleadings.

### SUMMARY JUDGMENT FOR THE NON–MOVING PARTY

■ CIT has invoked the power of the court to render summary judgment against the debtor. Hence, this invocation gives the court the authority to render summary judgment for the other party even if not requested by him if it appears warranted because a motion for summary judgment searches the pleadings. *Viger v. Commercial Ins. Co. of Newark, N.J.,* 707 F.2d 769, 774 (3d Cir.1983); *Morrissey v. Curran,* 423 F.2d 393 (2d Cir.1970), *cert. denied,* 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 (1970).

The first five claims in the amended complaint implicate allegedly fraudulent transfers of assets owned by the debtor's corporation, Status, as distinguished from fraudulent conveyances of his own property. Although the debtor may have a derivative interest in his corporation's assets, the term "property of the debtor" as expressed in 11 U.S.C. § 727(a)(2)(A) has reference to property in which the debtor has a direct proprietary interest. *M Corp. Management Solutions, Inc. v. Thurman (In re Thurman),* 901 F.2d 839, 841 (10th Cir. 1990) ("Congress intended to limit the reach of § 727(a)(2)(A) only to those transfers of property in which the debtor has a direct proprietary interest."); *In re Wines,* 114 B.R. 794, 796 (Bankr.S.D.Fla.1990).

■ It does not follow that because the debtor may have caused his corporation to transfer its assets in fraud of its creditors, it should also follow that the transfer of

property of another entity should support a denial of the debtor's discharge when he is not charged with having fraudulently transferred any of his own property within the meaning of 11 U.S.C. § 727(a)(2)(A). *M Corp.*, 901 F.2d at 841; *Wines*, 114 B.R. at 796. Accordingly, the amended complaint, which is limited to the first five claims, is legally insufficient under 11 U.S.C. § 727(a)(2)(A). Therefore, the debtor is entitled to an order for summary judgment in his favor.

The plaintiff, CIT, would have been in a better position had it not amended its complaint. The original six claims for nondischargeability based on fiduciary fraud under 11 U.S.C. § 523(a)(4) were facially satisfactory as a matter of law and might have survived a motion for summary judgment because of disputed questions of fact. The four new claims bottomed on 11 U.S.C. § 727 may not be considered because they are time barred by Rule 4004(a), notwithstanding that they state valid claims which if true, would bar the debtor's discharge. On the other hand, the first five claims in the amended complaint seeking to bar the debtor's discharge under 11 U.S.C. § 727(a)(2)(A), which substituted for the six nondischargeability claims in the original complaint and addressed the issue of fiduciary fraud, simply do not pass muster when viewed in the context of the motion for summary judgment which CIT raised. In effect, CIT shot itself in the foot when it substituted five legally insufficient discharge claims for six validly expressed nondischargeability claims and then pulled the trigger by cross-moving for summary judgment, which exposed the legally insufficient complaint as the target for its summary judgment motion.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(J).

2. Debtor's motion to dismiss the amended complaint under Bankruptcy Rule 7041 and Federal Rule of Civil Procedure 41(b) is denied. The facts do not establish that the plaintiff engaged in dilatory tactics or conduct that would justify a dismissal.

3. Debtor's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(c) and Bankruptcy Rule 7012 is granted in part as to amended claims Six through Nine. These claims are based on new facts and are time barred pursuant to Bankruptcy Rule 4004(a).

4. The first five claims in the amended complaint are based on facts alleged in the original complaint and are proper amendments which may relate back to the filing of the original complaint in accordance with Federal Rule of Civil Procedure 15(c).

5. CIT's cross-motion for summary judgment searches the pleadings and invokes the court's authority to grant summary judgment against CIT and in favor of the debtor because the amended complaint is legally insufficient in that it fails to implicate "property of the debtor", as required under 11 U.S.C. § 727(a)(2)(A).

6. The debtor is entitled to an order for summary judgment based on the pleadings.