In re Joseph A. KRUSZYNSKI, Debtor.

Dale NEWMAN f/k/a Dale Kruszynski, Plaintiff,

v.

Joseph A. KRUSZYNSKI, Defendant.

Bankruptcy No. 92 B 00001.
Adv. No. 92 A 473.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 12, 1993.

Jeffrey Hupert, Chicago, IL, for plaintiff.

Joel A. Schechter, Trustee, Chicago, IL.

Jonathon Young, Wildman Harrold Allen & Dixon, Chicago, IL, for defendant.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

JACK B. SCHMETTERER, Bankruptcy Judge.

This matter comes before the Court on the motion of Plaintiff Dale Newman to amend her Adversary Complaint objecting to the dischargeability of a debt potentially owed by her ex-husband, Joseph Kruszynski ("Debtor"). Debtor has objected to Plaintiff's motion, and both parties have filed briefs in support of their positions. For reasons stated below, the Court overrules Debtor's objections and allows Ms. Newman to amend her complaint.

### FACTUAL BACKGROUND

Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*, on January 2, 1992. The first meeting of creditors pursuant to 11 U.S.C. § 341 was convened on February 14, 1992. Sixty days later (April 14, 1992), Ms. Newman timely filed her original complaint to bar dischargeability of debt under 11 U.S.C. § 523(a)(5) in which she alleged the following:

Debtor and Plaintiff were divorced by a judgment order entered on November 6, 1985 in the Circuit Court of Lake County, Illinois. Concurrent with the judgment order, the parties entered into a Marital Settlement Agreement (the "Agreement"). Paragraph 11.2 of this Agreement provided,

> The Husband and Wife have executed and filed joint federal and state income tax returns for the years 1977 through 1984, inclusive. With respect to all joint income tax returns filed by the parties, the Husband and Wife agree as follows:
>
> a. The Husband represents and warrants to the Wife that he has heretofore paid all federal and state income taxes on all joint returns filed by the parties;
>
> .    .    .    .    .
>
> c. In the event of a deficiency assessment in connection with any of the parties' income tax returns, the Husband shall notify the Wife thereof in writing and he shall pay the amount ultimately determined to be due thereon, together with interest and penalties, and any and all expenses that may be incurred in the event he elects to contest said assessment.
>
> d. The Husband shall in all respects indemnify the Wife against, and hold her harmless from, any deficiency assessment or tax lien arising out of any of the parties' joint income tax returns as well as any damages and expenses whatsoever incurred by the Wife in connection therewith. The Husband shall keep the Wife fully informed of any and all actions taken by him with respect to any deficiency assessment.

Complaint ¶ 5.

On December 3, 1991, the Internal Revenue Service issued a Final Notice of Intention to Levy to Ms. Newman, claiming that she was liable for taxes and accumulated interest and penalties in the amount of $128,882.93. This liability was allegedly based on deficiencies due for 1977, 1978, 1979, and 1980—years when Debtor prepared joint tax returns for himself and his former wife.

In the original Complaint, Ms. Newman sought a declaration that Debtor's obligation under the Agreement to hold her harmless for deficiency assessments and expenses related thereto was a nondischargeable debt under 11 U.S.C. § 523(a)(5) because it constituted maintenance and support.

On August 18, 1992, Plaintiff filed this motion for leave to amend her Complaint to add a second count. In this new count, she proposes to reallege facts set out in the original Complaint, and then aver that Debtor misrepresented his actions with regard to the tax returns. The asserted misrepresentation consisted of Debtor's representation in ¶ 11.2(A) of the Agreement that all federal taxes due on the joint returns filed while they were husband and wife were fully paid. She further alleges that she relied upon this representation. Thus, she seeks a declaration that Debtor's obligations to pay the deficiencies and expenses related thereto are not dischargeable under 11 U.S.C. § 523(a)(2)(A) as a debt incurred by a false representation.

## DISCUSSION

### The "Relation Back" Doctrine

Debtor objects to the amendment, contending that this new count is untimely and must be barred. The deadline for filing complaints objecting to dischargeability under 11 U.S.C. § 523(a)(2) is set by Fed. R.Bankr.P. 4007(c) at sixty days after the first meeting of creditors. Since this new count would be added after this deadline has passed, Debtor asks the Court to deny Plaintiff's motion to amend her complaint.

However, Rule 4007(c) must be read in conjunction with Fed.R.Bankr.P. 7015, which incorporates Fed.R.Civ.P. 15 into the Bankruptcy Rules for all Adversary matters. *In re Barnes,* 96 B.R. 833, 836 (Bankr.N.D.Ill.1989). Rule 15 provides, in relevant part,

(a) **Amendments.** A party may amend the party's pleadings once as a matter of course before a responsive pleading is served.... Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

(c) **Relation Back to Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

The rationale for allowing amendments to pleadings under Rule 15 was explained by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962),

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason ... the leave [to amend] should, as the rules require, be 'freely given.'"

*See also Hill v. Shelander,* 924 F.2d 1370, 1376 (7th Cir.1991), *quoting Staren v. American Nat. Bank & Trust Co.,* 529 F.2d 1257, 1263 (7th Cir.1976) ("it is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. To this end, amendments pursuant to Rule 15(c) should be freely allowed.").

When a new count consisting of a new legal theory for relief is added as an amendment, the issue of whether it "relates back" under Rule 15(c) will depend on the factual basis of the new count. If the new count has the same factual basis as the original count, and the same evidence could be used to support both counts, then the amendment arises out of the same transaction as the original pleading and relates back under Rule 15(c). *Federal Deposit Insurance Corp. v. Knostman,* 966 F.2d 1133, 1138–39 (7th Cir.1992); *Johnson v. Artim Transportation System, Inc.,* 826 F.2d 538, 547 n. 9 (7th Cir.

1987), *cert. denied,* 486 U.S. 1023, 108 S.Ct. 1998, 100 L.Ed.2d 229 (1988); *In re Barnes,* 96 B.R. at 836–37. However, an amendment which states a new claim based on a materially different set of facts will not relate back. *Forzley v. AVCO Corp.,* 826 F.2d 974, 981 (11th Cir.1987); *Holmes v. Greyhound Lines, Inc.,* 757 F.2d 1563, 1566 (5th Cir.1985); *In re Srour,* 138 B.R. 413, 418 (Bankr.S.D.N.Y.1992). "The basic test for relation back is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed" *In re Barnes,* 96 B.R. at 837. *See also In re Unroe,* 937 F.2d 346, 350 (7th Cir.1991) ("a Fed.R.Civ.P. 15(c) amendment focuses on the nexus between the original claim and the amendment").

■ When the same transaction gives rise to both the claim in the original pleadings and the claim asserted in the amendment, then the defendant has received fair notice that he is being sued for his conduct in that transaction. Therefore, the original complaint is sufficient to give the defendant notice of the claim later asserted in the amendment. This principle is the basis for Rule 15(c)(2), which provides that a new count added as an amended pleading after the applicable statute of limitations has run will relate back to the date that the original pleading was filed if the amendment "arose out of the conduct, transaction, or occurrence set forth" in the original complaint. 6A Wright, Miller & Kane, *Federal Practice and Procedure,* § 1496–97 (2nd Ed. 1990). The test for determining when an amendment relates back must be applied in light of this principle as well as the general rationale for Rule 15, which is to afford parties seeking legal relief an opportunity to have their cases decided on the merits whenever possible.

■ Ms. Newman's second count clearly arises out of the same transaction as her original complaint because both counts arise out of Debtor's obligations under the Agreement. Debtor was put on notice that his former wife was challenging the dischargeability of his liability under the Agreement to indemnify her for unpaid joint tax obligations. The representation now asserted to have been false would likely have been admissible in the trial on that original Complaint. The proposed second count merely supplements the legal theories proffered by her present complaint. While the elements of § 523(a)(2)(A) and § 523(a)(5) are not identical, the evidence concerning the Agreement and the supposed state of the parties' joint tax obligations during their marriage and Defendant's asserted representation with respect thereto will be relevant to Plaintiff's case in both counts. Therefore, the proposed amendment relates back to the original pleading under Rule 15(c).

Debtor cites *In re Dean,* 11 B.R. 542 (9th Cir. B.A.P.1981), *aff'd,* 687 F.2d 307 (9th Cir.1982), and *Mufti,* 61 B.R. 514 (Bankr. C.D.Cal.1986), in support of his argument that Plaintiff's amendment does not relate back to her original pleading. However, both of these cases are distinguishable because the facts are dissimilar to those presented here. In *Dean,* the plaintiff sued under § 523(a)(2)(B), claiming that the debtor fraudulently misrepresented his financial condition when applying to for a loan. The plaintiff later attempted to amend his complaint with an untimely count, alleging that the debtor fraudulently misrepresented what he was doing with the proceeds of the loan. This second count concerned oral statements made by the debtor several years after he applied for and received the loan. The Bankruptcy Appellate Panel found that the facts alleged in the amendment were irrelevant to the original claim. *Id.* at 545. Therefore, it held that the amendment did not relate back to the original complaint under Rule 15(c).

In *Mufti,* the trustee filed a complaint under § 727(a)(2)(A), claiming that the debtor transferred real property in an effort to hinder, delay, and defraud his creditors. The trustee later sought to amend his complaint with allegations that the debtor also attempted to conceal personal property and that the debtor made false oaths on his schedules concerning the transferred real property. The court denied the trustee leave to amend because

the original complaint could not have put the debtor on notice of the claims raised in the amendments. 61 B.R. at 517–18.

Both *Dean* and *Mufti* applied the same legal test that is described hereinabove. *In re Dean,* 11 B.R. at 545; *In re Mufti,* 61 B.R. at 517. However, while the new untimely claims offered in those cases did not share a factual nexus with the original complaints there, the amendment proposed here does share such a nexus; both the Complaint and proposed amendment are based on the Agreement, and dealings of the parties surrounding that Agreement.

■■■ The decision of whether to allow amendment of a complaint is left to the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Daugherty v. Traylor Brothers, Inc.,* 970 F.2d 348, 351 (7th Cir. 1992); *Schlacter–Jones v. General Telephone of California,* 936 F.2d 435, 443 (9th Cir.1991). This Court may disallow an amendment that relates back to the original pleading if that amendment is an abusive filing. The Seventh Circuit has explained,

> While this court has noted that 'leave will generally be given,' *Amendola v. Bayer,* 907 F.2d 760, 764 (7th Cir 1990), we have also noted that leave to amend is 'inappropriate where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment, etc.' *Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir.1992) (quoting *Villa v. City of Chicago,* 924 F.2d 629, 632 (7th Cir. 1991)).

*Daugherty v. Traylor Brothers,* 970 F.2d at 351. *See also In re Barnes,* 96 B.R. at 836, *quoting Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230 (reciting this same standard).

None of these factors are present in this case. The original Complaint referenced the provision in the Agreement where Debtor represented that all the joint tax obligations were paid, thereby implicating the second count based on that representation. Also, the first and second counts of the proposed Amended Complaint seek the same relief. The Court finds no merit for Debtor's assertion that the amendment is prejudicial because it was filed six months after the original complaint. The preliminary pretrial order does set February 1, 1993 as the close of discovery, but a two-month extension of that has been provided by separate order. It has not been demonstrated that Plaintiff proposes the Amended Complaint in bad faith or with a dilatory motive. Therefore, in the absence of any bad faith by Plaintiff or prejudice to Defendant, discretion will be exercised to grant Ms. Newman leave to file the amendment.

■■■ Debtor's final argument is that leave to amend the complaint should be denied because Plaintiff has failed to allege fraud sufficiently under Fed.R.Civ.P. 9(b) (applicable through Fed.R.Bankr.P. 7009). This argument is in effect a request to deny Plaintiff leave to amend because the new claim in the amendment should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to allege fraud in conformity with Rule 9(b). This argument must be rejected because Plaintiff's Amended Complaint conforms with Rule 9(b) which provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b). Since Plaintiff is alleging that Debtor committed fraud, she must state the "circumstances constituting fraud" with particularity. "Generally, a Complaint is considered sufficient when it sets forth a time, place, particular contents of the false representation, the identity of the party making the misrepresentation, and the consequences of the misrepresentation." *In re Aluminum Mills Corp.,* 132 B.R. 869, 883 (Bankr.N.D.Ill.1991), *quoting In re Doppelt,* 57 B.R. 124, 127 (Bankr. N.D.Ill.1986). Plaintiff has accused Debtor of misrepresenting the fact that their joint

tax obligations during their marriage were satisfied when they entered into the Agreement. She claims damages arising out of that asserted misrepresentation. Ms. Newman is certainly alleging circumstances constituting fraud with sufficient particularity to conform with the requirements of Rule 9(b).

## CONCLUSION

Accordingly, by order entered separately this day, the Court grants Plaintiff Dale Newman leave to amend her complaint pursuant to Fed.R.Bankr.P. 7015 to add Count II.