In re BETTER VEHICLE RENTALS, INC., Debtor.

Matthew J. McGOWAN, Trustee, Plaintiff,

v.

PRIDE CHRYSLER–PLYMOUTH, INC., Defendant.

Bankruptcy No. 89–11267.
Adv. No. 92–1022.

United States Bankruptcy Court, District of Rhode Island.

Nov. 5, 1993.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Inc., Providence, RI, Chapter 7 Trustee.

Edward Grourke, Finan & Grourke, Pawtucket, RI, for defendant.

## ORDER

ARTHUR N. VOTOLATO, Jr., Judge.

Before the Court is Defendant Pride Chrysler–Plymouth's Motion for Summary Judgment in the above captioned adversary proceeding. The Plaintiff Trustee alleges that in 1987 Pride agreed to sell 108 automobiles to Better Vehicle Rentals, Inc. (BVRI), that Pride would retain $25 per vehicle, and remit all other monies it received from Chrysler Corporation to BVRI. It is further alleged that Pride breached the agreement by failing to remit over $13,000 it received from Chrysler on the 108 vehicles purchased.

■ The standard for summary judgment is set forth in Federal Rule of Civil Procedure 56, and is made applicable in adversary proceedings by Fed.R.Bankr.P. 7056. Rule 56(c) states in part that:

[t]he judgement sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The movant has the burden of establishing the absence of a genuine issue of material fact, *United States Trust Co. v. Raritan River Steel Co. (In re American Spring Bed Mfg. Co.)*, 153 B.R. 365, 371 (Bankr.D.Mass.1993). We find that Pride has not met this burden and that the matter is not ripe for summary judgment.

■ Since the parties have submitted differing statements of undisputed facts it follows, *a fortiori*, that a genuine dispute exists as to material facts. In particular, the parties disagree as to the terms of their oral

agreement. Accordingly, Pride's Motion for Summary Judgment is DENIED.

■ In addition, Pride argues that it is entitled to summary judgment as to all of the Plaintiff's claims asserted under Chapter 93A of the Massachusetts General Laws, because such claims are time barred by the applicable statute of limitations. It is unrefuted that Plaintiff's cause of action accrued on June 30, 1988. An involuntary petition for relief under Chapter 7 was filed against BVRI on December 28, 1989, and on February 13, 1990, we entered the order for relief. The instant adversary proceeding was commenced by the Trustee on February 10, 1992, and on June 30, 1993[1] the complaint was amended to add the Chapter 93A cause of action.

Under Massachusetts' law, actions arising under Chapter 93A "shall be commenced only within four years next after the cause of action accrues." Mass.Gen.Laws Ann. Ch. 260, § 5A (West 1993). It is clear that the original complaint filed on February 10, 1992, falls within the four year limitations period and that the amended complaint filed on June 30, 1993 is beyond the required period. The issue we must resolve is whether the June 30, 1993 amended complaint containing the Chapter 93A cause of action relates back to the date the original complaint was filed, thereby bringing the claims under 93A within the limitations period.[2] In our opinion, the amended complaint does relate back to the original complaint and the 93A claims are not time barred.

Relation back is governed by Fed.R.Civ.P. 15(c) and is made applicable in bankruptcy by Fed.R.Bankr.P. 7015. The rule states in pertinent part:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . .

Fed.R.Civ.P. 15(c). We find that the claims asserted under Chapter 93A of the Massachusetts General Laws in the amended complaint arose out of the same transaction, conduct, or occurrence set forth in the original complaint and that said claims therefore relate back to the date of the original complaint.[3]

Rule 15(c) is based on the principle that "a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice the statutes of limitations are intended to afford." 3 James W. Moore et al., *Moore's Federal Practice* ¶ 15.15, at 15–140 (2d ed. 1993). We agree that:

[w]hen a new count consisting of a new legal theory for relief is added as an amendment, the issue of whether it "relates back" under Rule 15(c) will depend on the factual basis of the new count. If the new count has the same factual basis as the original count, and the same evidence could be used to support both counts, then the amendment arises out of the same transaction as the original pleading and relates back under Rule 15(c).

*Newman v. Kruszynski (In re Kruszynski)*, 150 B.R. 209, 211–12 (Bankr.N.D.Ill.1993) (citations omitted).

In the instant case, the added claims hail from the same facts asserted in the original complaint. The 93A cause of action is based on the sale of the 108 motor vehicles to BVRI and the 93A claims stem from the same alleged wrongdoing of Pride (i.e. the retention of over $13,000 received from Chrysler Corporation and not paid over to BVRI).

---

**1.** The Trustee's Motion to Amend the Complaint adding the 93A cause of action was filed on May 6, 1993 and granted by this Court on June 30, 1993.

**2.** While Pride argues that the action is time barred, it inexplicably makes no mention of relation back in its memorandum.

**3.** We need not decide whether to apply federal or state relation back law because the same result would obtain under Massachusetts law. *See* Mass.R.Civ.P. 15(c); Mass.Gen.Laws Ann. Ch. 231, § 51 (West, 1993).

Accordingly, we conclude that the amended complaint relates back to the date of the original complaint and that the Plaintiff's Chapter 93A claims are not time barred.

For the foregoing reasons, the Motion for Summary Judgment is DENIED, and a Joint Pre-trial Order shall be filed on or before December 17, 1993. Thereafter, the matter will be set for hearing on the merits, on the next trailing calendar.