In re Douglas G. FERGUSON, Debtor.

Diane CLARK, Plaintiff,

v.

Douglas G. FERGUSON, Defendant.

Bankruptcy No. 87–03625–BKC–TCB.
Adv. No. 88–0011–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

March 16, 1988.

Anthony E. Pucillo, West Palm Beach, Fla., for plaintiff.

Robert C. Furr, Boca Raton, Fla., for defendant.

Douglass E. Wendel, Trustee.

---

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff/creditor seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A) or (a)(4) for its claim ($24,980) against the debtor. The debtor has answered and the matter was tried on February 23. I agree that the claim should be excepted from this debtor's discharge and that plaintiff is entitled to judgment against the debtor in the amount claimed.

### The Relevant Facts

The debtor owned all the stock of and was the acting chief executive of a corporation, The Planning Group, Inc., an interior design firm. The firm was in business about eight years before it ceased operations and filed for bankruptcy in April 1987. This debtor's bankruptcy was filed October 8, 1987.

In December 1986 plaintiff contracted with the corporation to provide all architectural and interior design services for her office, supervise construction, and act as purchasing agent in securing all specified furnishings. Plaintiff agreed to pay stipulated charges for each of the services, including 25% of the invoiced cost of the furnishings for the services as purchasing agent.

The contract stipulated that:

"Prior to placement of any order with a manufacturer, we require a 50% deposit *to accompany the order*. We shall invoice you this amount, upon your acknowledgement to initiate the purchasing of a particular interior item." (Emphasis added).

Plaintiff's claim against this debtor is for the $24,980 in deposits she paid the corporation for some 30 items pursuant to the foregoing stipulation. No part of the deposits was remitted by the corporation to the manufacturers. The rest of the corporation's charges have been paid and any claim plaintiff may have with respect to those services is conceded to be dischargeable.

■ All of the corporation's dealings with the plaintiff were through its owner/principal, the debtor. At the execution of the contract, he explained that the 50% deposit was required by the manufacturers because the items were special orders and the deposit had to accompany the orders he placed. He subsequently told plaintiff that the deposits had been paid to the manufacturers.

In fact, however, it was not then nor had it ever been the practice of the corporation to pay the deposits to manufacturers. All of plaintiff's deposits were used to pay

other corporate creditors, a number of whom had outstanding judgments against the corporation.

At the time the contract was made and during its execution, the corporation was in financial difficulty. There were over a dozen pending lawsuits by unpaid suppliers which the corporation was fending off with settlements which required monthly installment payments. The corporation was also in arrears on a number of other accounts.

I find, therefore, that this debtor's representations contemporaneous with and after the contract were falsely and fraudulently made for the purpose of obtaining the $24,-980 paid by the plaintiff, and that the plaintiff reasonably relied upon the representations.

### § 523(a)(2)(A)

■ In order to except her claim from discharge, it is plaintiff's burden under this subsection to prove by clear and convincing evidence, *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986), that plaintiff's claim is a:

"debt [of the defendant individual debtor] ... for money ... to the extent obtained by ... a false representation, or actual fraud." § 523(a)(2)(A).

Plaintiff has done so.

Because plaintiff's contract was with the corporation, not the individual debtor, the only serious question here is whether the debt is that of this debtor as well as a corporate debt. I find that it is.

In *White–Wilson Medical Center v. Dayta Consultants, Inc.*, 486 So.2d 659, 661 (Fla.Dist.Ct.App.1986), the court held that a corporate officer could be held individually liable for a tortious act, (negligence and misrepresentation in furnishing data processing services). The court said:

"Individual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents. *Littman v. Commercial Bank & Trust Co.*, 425 So.2d 636, 640 (Fla. 3d DCA 1983).... This is so even if no argument is advanced that the corporate

form should be disregarded. *Adams v. Brickell Townhouse*, 388 So.2d 1279, 1280 (Fla. 3d DCA 1980)."

Ferguson, though he was acting as the chief executive and agent of the corporation rather than individually, committed a tort in obtaining plaintiff's money by a false and fraudulent misrepresentation. He is, therefore, jointly and severally liable with the corporation for the damages resulting from that tort.

We need not, therefore, consider whether the corporate veil may appropriately be pierced in this case, a contention neither made by the plaintiff nor briefed by either party. However, in *Eagle v. Benefield–Chappell, Inc.*, 476 So.2d 716 (Fla.Dist.Ct. App.1985), the court did permit individual judgments against two shareholders of a design corporation which had converted plaintiff's furniture deposits.

### § 523(a)(4)

■ Plaintiff has relied alternatively upon this subsection, which excepts from discharge a:

"debt for fraud or defalcation while acting in a fiduciary capacity...."

I disagree. Under this subsection, an essential element where the debtor acted as a corporate officer or agent is that the debtor:

"misused his position to gain a personal benefit at the expense of the corporation or corporate creditors." *John P. Maguire & Co. v. Herzog*, 421 F.2d 419, 422 (5th Cir.1970). *See also Ford Motor Credit Co. v. Hickey (In re Hickey)*, 41 B.R. 601 (Bankr.S.D.Fla.1984).

The debtor did not divert these funds to his personal benefit.

Since plaintiff has established her right to relief under § 523(a)(2)(A), it is of no consequence that she has failed to do so under this alternative theory.

As is required by B.R. 9021(a), a separate judgment will be entered for the plaintiff against the debtor in the amount of $24,980 and that claim is excepted from discharge

under § 523(a)(2)(A). Costs may be taxed on motion.