**In re Jesse COLODNER, Debtor.**

**Conrad L. RIUMBAU, Nicholas S. Hare and Edward Irmscher, Plaintiffs,**

**v.**

**Jesse COLODNER, Defendant.**

**Bankruptcy No. 92 B 21121.**

**No. 92–5320A.**

United States Bankruptcy Court, S.D. New York.

Nov. 13, 1992.

Kurtzman & Haspel, Spring Valley, N.Y., for debtor.

Thomas M. Ferrill, Jr., Clearwater, Fla., Jenkintown, Pa., for plaintiffs.

## DECISION ON MOTION FOR AN ORDER DISMISSING COMPLAINT

**HOWARD SCHWARTZBERG,**
Bankruptcy Judge.

The Chapter 7 debtor, Jesse Colodner, has moved pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) and 12(h)(2) for an order dismissing the plaintiffs' complaint which seeks: (i) to deny his discharge under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A) and (B), 727(a)(5), and (ii) a

determination as to the nondischargeability of their claims under 11 U.S.C. § 523(a)(2)(A).

### FACTUAL BACKGROUND
#### The Complaint

The plaintiffs are inventors who allegedly paid various fees to the debtor's wholly-owned corporation, Invention Prototype and Marketing Corporation ("IPM"), to provide them with services including patent searches, reports, physical prototypes of their inventions, invention marketing services and press releases. The plaintiffs allege that the debtor and IPM were under a state court order, dated March 9, 1984, enjoining IPM from entering into any invention and marketing contracts for five years. Notwithstanding this injunction, the plaintiffs allege that the debtor and IPM did not disclose to them the facts concerning the basis for the injunction or the injunction itself. Instead, the debtor caused IPM to enter into invention servicing contracts with the plaintiffs in violation of the injunction.

The adversary complaint alleges that the plaintiffs previously commenced an action in the United States District Court for the Southern District of New York against the debtor and IPM based on RICO charges involving a pattern of racketeering activities under 18 U.S.C. §§ 1961 and 1962. The plaintiffs asserted in the district court complaint against the debtor and IPM that they did not inform the plaintiffs of their lack of competence and qualifications to practice in patent matters, whereas the plaintiffs relied on the defendants' ability to render services in patent matters and paid fees to the defendants for patent services which were not provided as promised or failed to measure up to the representations as to competence.

Additionally, the lengthy adversary complaint in the instant action goes on to charge that the debtor represented to the district court that his IPM stock was worthless because IPM discontinued doing business. However, the plaintiffs charge that the debtor caused IPM to transfer all

of its assets to another entity called Invention World Corporation ("IWC"), which was incorporated by a former employee of IPM. The plaintiffs allege that the debtor is behind the scenes of IWC as a "consultant," performing the same role as he previously performed for IPM, at a fixed stipend of $2,000.00 per month. Furthermore, the plaintiffs allege that the debtor and IPM's former employee induced those who had been customers or clients of IPM to continue with, and accept, the IWC operation as being the same company as IPM.

The complaint also alleges that the debtor, as 100 percent stockholder and President of IPM, has transferred or concealed his business property with intent to hinder, delay or defraud his creditors within one year before the date of the filing of his bankruptcy petition in violation of 11 U.S.C. § 727(a)(2).

Finally, the plaintiffs allege that the fees they paid to IPM, which ultimately enriched the debtor, were obtained by false pretenses, false representations, or actual fraud in violation of 11 U.S.C. § 523(a)(2).

## DISCUSSION

The plaintiffs' charges, when shorn of the lengthy background information previously alleged in their district court RICO complaint against the debtor and IPM, relate to two basic scenarios for purposes of discharge under 11 U.S.C. § 727 and nondischargeability under 11 U.S.C. § 523. First, as to discharge, the debtor informed the district court that his IPM stock was worthless, whereas, within one year before his bankruptcy petition, the debtor caused IPM to transfer its business and assets to IWC, a new corporation formed by his former employee, and that the debtor is behind the scenes of IWC as a salaried consultant, inducing former customers and clients of IPM to continue with IWC in the same fashion as they previously did with IPM. Second, as to nondischargeability, the debtor fraudulently concealed from the plaintiffs that IPM had been enjoined by a state court order from providing patent services to inventors for a fee and, instead, caused IPM to enter into contracts with the

plaintiffs for patent services for which they paid fees to IPM in reliance on the debtor's representations that IPM was qualified and competent to perform patent services for inventors, which representations were false, thereby causing the plaintiffs to pay fees to IPM to their detriment. The plaintiffs also allege that the debtor misrepresented to the district court that his IPM stock was worthless, whereas the IPM business is now being conducted by IWC as a result of a fraudulent transfer of IPM's assets and business to IWC.

 The debtor has moved pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated by Federal Rule of Bankruptcy Procedure 7012, to dismiss the complaint in this adversary proceeding on the ground that it fails to state a claim upon which relief can be granted. In determining whether to grant a motion under Rule 12(b)(6), the court may not consider any material other than the pleadings. *JM Mechanical Corp. v. United States*, 716 F.2d 190, 197 (3d Cir.1983); *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983). A motion under Rule 12(b)(6) is directed solely at the complaint. *Roth Steel*, 705 F.2d at 155. The court must presume that all factual allegations of the complaint are true and make reasonable inferences in favor of the non-moving party. *Kugler v. Helfant*, 421 U.S. 117, 126 n. 5, 95 S.Ct. 1524, 1531 n. 5, 44 L.Ed.2d 15 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The burden of proving that no claim has been stated is on the moving party. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980).

### Discharge

Each of the subsections of 11 U.S.C. § 727(a), which have been specifically cited in the plaintiffs' complaint will be addressed separately.

Subsection (a)(2) of 11 U.S.C. § 727 reads as follows:

)

(a) The court shall grant the debtor a discharge, unless—

. . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2).

■ The key factor with respect to an allegation under subsection (2)(A), or under subsection (2)(B), is that *the debtor* must have engaged in the proscribed conduct and that the property involved was property of the debtor or property of the debtor's estate. *M Corp. Management Solutions, Inc. v. Thurman (In re Thurman)*, 901 F.2d 839, 841 (10th Cir.1990); *In re Srour*, 138 B.R. 413 (Bankr.S.D.N.Y.1992). As this court previously said:

Although the debtor may have a derivative interest in his corporation's assets, the term "property of the debtor" as expressed in 11 U.S.C. § 727(a)(2)(A) has reference to property in which the debtor has a direct proprietary interest. *M Corp. Management Solutions, Inc. v. Thurman (In re Thurman)*, 901 F.2d 839, 841 (10th Cir.1990) ("Congress intended to limit the reach of § 727(a)(2)(A) only to those transfers of property in which the debtor has a direct proprietary interest."); *In re Wines*, 114 B.R. 794, 796 (Bankr.S.D.Fla.1990).

It does not follow that because the debtor may have caused his corporation to transfer its assets in fraud of its creditors, it should also follow that the transfer of property of another entity should support a denial of the debtor's discharge when he is not charged with having fraudulently transferred any of his own property within the meaning of 11 U.S.C. § 727(a)(2)(A). *M Corp.*, 901 F.2d

at 841; *Wines*, 114 B.R. at 796. Accordingly, the amended complaint, which is limited to the first five claims, is legally insufficient under 11 U.S.C. § 727(a)(2)(A).

*Srour*, 138 B.R. at 419–20.

Thus, the fact that the debtor may have caused IPM to transfer assets in violation of 11 U.S.C. § 727(a)(2) is insufficient to deny the debtor's discharge when he is not charged with having fraudulently transferred or concealed any of his own property or property of the debtor's individual bankruptcy estate. Therefore, the allegations as to a violation of 11 U.S.C. § 727(a)(2)(A) and (B) must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The next subsection referred to in the complaint is 11 U.S.C. § 727(a)(4), which provides as follows:

(a) The court shall grant the debtor a discharge unless—

. . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. § 727(a)(4).

The complaint simply cites 11 U.S.C. § 727(a)(4) following a description of how IWC became a newly contrived shell which continued to perform the services previously provided by IPM. The complaint states in paragraph 21 in pertinent part as follows:

This resorting to a newly contrived corporate shell . . . was not only a device relied on to support and further Colodner's need to evade the suit brought by

plaintiffs insofar as that suit sought to have him (and IPM) held jointly and severally liable for substantial damages, but also, it was a device calculated to support the representation of the corporate defendant, IPM, in plaintiffs' civil suit, 90 Civ. 1615 (MJL), as being devoid of resources and being out of business, for the purpose of confronting the plaintiffs with a picture of total futility of persisting in their legal action against Colodner and IPM following the denial of said defendants' ultimate motion to dismiss, Colodner knowingly and fraudulently, or in connection with the case, (A) *making a false oath or account*, or (B) presenting or *using a false claim*, calling for invoking Title 11 U.S.Code Section 727(a)(4) in this fraudulent bankruptcy case.

*Complaint*, at ¶ 21 (emphasis added).

█ Although the complaint repeats the language of 11 U.S.C. § 727(a)(4) as to a false oath and a false claim, it fails to state any document signed by the debtor under oath which is alleged to be false, or specify which claim the debtor used in this bankruptcy case which was false. The plaintiffs allege that it was reported to the district court "that IPM neither ceased operation, nor was it without any resources, nor did its owner Jesse Colodner bring about its dissolution." *Complaint*, at ¶ 16. However, the complaint fails to state who reported this information to the court or, if such report was made by the debtor, that such report was under oath. More significantly, the plaintiffs fail to allege that the debtor submitted in this bankruptcy case sworn schedules or statements, or gave any testimony under oath that was false, or submitted any false claim in this bankruptcy case. By definition in 11 U.S.C. § 727(a)(4), the false oath or false claim must have been made "in or in connection with the case." 11 U.S.C. § 727(a)(4). Generally, the wrongful acts proscribed under 11 U.S.C. § 727(a)(4) are parallel to the actions that are defined as bankruptcy crimes. *See* 18 U.S.C. § 152. Objections to discharge based on a false oath usually arise with reference to misstatements or omissions made in schedules filed by the debtor in the bankruptcy case. The debtor must verify the completeness and accuracy of any schedule of assets, debts, or financial affairs filed in the bankruptcy case. An intentional omission of any property or debt may result in a bar to discharge. *In re Gugliada*, 20 B.R. 524 (Bankr.S.D.N.Y. 1982). Similarly, if the debtor engages in a scheme involving the knowing and fraudulent filing or use of a false claim against the bankruptcy estate, this conduct may bar the discharge. *See* Weintraub and Resnick, *Bankruptcy Law Manual* ¶ 3.03[4][b] (3d ed. 1992).

The complaint fails to charge the debtor with any conduct in this bankruptcy case proscribed under 11 U.S.C. § 724(a)(4). Hence, the allegations bottomed on this subsection must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Subsection (a)(5) is cited on page 2 of the introduction to the complaint and, for some unexplained reason, does not appear anywhere else in the complaint and is omitted in the WHEREFORE clause at the end of the complaint where the plaintiffs summarize their claims for relief. Section 727(a)(5) provides as follows:

(a) The court shall grant the debtor a discharge, unless—

. . . .

(5) [T]he debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(5).

█ The complaint fails to specify any assets belonging to the debtor which were either lost or which were diminished and for which the debtor has failed to give a satisfactory explanation. The creditor must allege and prove that the debtor no longer has assets which the debtor previously owned and that the debtor has failed to explain the loss. *See In re Devers*, 759 F.2d 751, 754 (9th Cir.1985); *In re Chalik*, 748 F.2d 616 (11th Cir.1984); *In re Martin*, 698 F.2d 883, 887 (7th Cir.1983). Thus, the complaint must allege that the debtor's ex-

planation of any deficiency or loss is not satisfactory.

In view of the fact that the complaint fails to allege the diminution or loss of any of the debtor's assets or that the debtor has failed to give a satisfactory explanation for the deficiency or loss of any of his assets, it follows that any objection which the plaintiffs may have under 11 U.S.C. § 727(a)(5), as they may have attempted to assert in the complaint, is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Nondischargeability

A debtor's obtaining money, property, services or credit by fraud or false representations will result in the creditor's claim being determined as nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) which provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

The essence of the plaintiffs' objection to dischargeability bottomed on 11 U.S.C. § 523(a)(2)(A) is that the debtor and IPM did not disclose to them that a previous state court order enjoined IPM from entering into contracts with inventors to provide certain patent services for them. Additionally, the debtor and IPM falsely represented to them that the debtor and IPM were qualified to practice in patent matters and that IPM failed to render the competent services which it agreed to perform for the plaintiffs, and for which they paid fees to IPM in reliance upon such false representations.

■ The complaint does not allege that the debtor obtained any money or property from the plaintiffs. It does allege, however, that fees were paid to the debtor's wholly-owned corporation, IPM, as a result of the debtor's alleged fraud and false representations. As a 100 percent shareholder of IPM, the debtor had a sufficient financial interest in IPM so that the debt owed to the plaintiffs by IPM could qualify as money obtained by the debtor through fraud or false representations for purposes of 11 U.S.C. § 523(a)(2)(A). *Ashley v. Church (In re Ashley)*, 903 F.2d 599, 605 n. 5 (9th Cir.1990); *In re Ferguson*, 84 B.R. 859, 861 (Bankr.S.D.Fla.1988). Therefore, the allegations in the complaint should not be stricken pursuant to Federal Rule of Civil Procedure 12(b)(6) because they state a claim for which relief may be granted.

■ However, to the extent that the nondischargeability allegations in the complaint are bottomed on fraud and misrepresentations, they should comply with Federal Rule of Civil Procedure 9(b) which provides:

### Rule 9. Pleading Special Matters

. . . .

**(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b).

The debtor is entitled to have a fair notice of the specifics of the plaintiffs' claim to enable him to prepare an answer and a defense. Hence, the fraud allegations should specify the time, place, speaker and content of the alleged fraudulent misrepresentations. *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242 (2d Cir.1987); *In re Jonathan B. Rand*, 144 B.R. 253, 258 (Bankr.S.D.N.Y.1992).

The complaint fails to particularize the fraud claims as to time, place, speaker and specific statements allegedly made. Accordingly, the allegations with respect to 11 U.S.C. § 523(a)(2)(A) are conditionally dismissed, with leave to replead them in accordance with the requirements of Federal Rule of Civil Procedure 9(b). The amended

complaint should be more succinct, especially in light of the dismissal of all of the discharge allegations under 11 U.S.C. § 727(a).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I) and (J).

2. The debtor's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the allegations in the complaint addressed to 11 U.S.C. § 727(a) is granted because the complaint fails to state a claim for which the debtor's discharge may be denied.

3. The debtor's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss allegations in the complaint addressed to nondischargeability under 11 U.S.C. § 523(a)(2)(A) is denied because the allegations state a claim for which relief may be granted.

4. The debtor's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 9(b) is granted conditionally. The plaintiffs may amend their complaint to assert their claim based on 11 U.S.C. § 523(a)(2)(A) if they particularize the fraud allegations as to time, place, speaker and specific statements allegedly made or specific facts giving rise to the alleged fraud.

SETTLE ORDER on notice in accordance with the foregoing.