**In re George C. DEMAS, Jr., Debtor.**

**Beatrice DEMAS individually and in her capacity as guardian of the property of Court Demas and Lisa Demas, Plaintiff,**

v.

**George C. DEMAS, Jr., Defendant.**

**Bankruptcy Nos. 89 B 20448, 92–5341A.**

United States Bankruptcy Court, S.D. New York.

Jan. 22, 1993.

Jeffrey K. Hass, Eastchester, NY, for defendant.

Thomas J. Romans, Hackensack, NJ, for plaintiff.

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

George C. Demas, Jr., the debtor in this voluntary Chapter 7 case, has moved pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss certain causes of action in an amended complaint filed by the plaintiff, Beatrice Demas, in which she seeks a determination that her claim against the debtor is non-dischargeable under 11 U.S.C. § 523(a)(5) as well as a denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A) and (D). The debtor argues that the Third and Fourth causes of action, in which the plaintiff seeks a determination that her claim is non-dischargeable because it represents alimony and support, should be dismissed under Rule 12(b)(6) because there is no factual basis for the relief requested. He further contends that the Fourth and the Fifth causes of action, in which the plaintiff seeks to deny the debtor's discharge on account of the debtor's alleged misrepresentation, should be dismissed under Rule 9(b) because they do not sufficiently particularize the alleged fraud. The plaintiff has cross-moved to compel discovery and for sanctions for the debtor's failure to respond to her discovery demands.

*Factual Background*

The debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on July 20, 1989. The plaintiff is the debtor's former wife and is listed on his schedules as an unsecured creditor. The debtor and the plaintiff were divorced on February 16, 1982. The judgment of divorce incorporated a property settlement agreement ("Settlement Agreement") into which the parties had entered. The plaintiff claims that the Settlement Agreement provides, in relevant part, that the debtor (1) pay the plaintiff $65 a week as child support and $5,000.00 to the plaintiff in lieu of alimony; (2) transfer his interest in the marital residence to the plaintiff and pay the mortgage, taxes and insurance obligations relating to it; and (3) either pay the plaintiff, on or before December 31, 1983, an additional $50,000.00 in consideration for her interest in certain real property or, if he was unable to make the payment due to an unfavorable economic climate, assign to the plaintiff a mortgage on the property in this amount. The plaintiff's claim against the debtor arises from his alleged failure to meet his obligations under the Settlement Agreement.

The plaintiff has filed a complaint and an amended complaint, individually and as the guardian of the property of Lisa and Court Demas, the couple's two children. A copy of the Settlement Agreement is annexed to the amended complaint. The amended complaint sets forth five causes of action.

In the Third cause of action, the plaintiff alleges that the debtor has failed to pay her $5,000.00 as well as the mortgage, taxes, and insurance on her residence which aggregate approximately $90,000.00. She also claims that because the debtor failed to honor his obligations, she was forced to refinance the mortgage at a cost of $15,000.00. The plaintiff asserts that these debts, totaling $110,000.00, are non-dischargeable under 11 U.S.C. § 523(a)(5) because they are in the nature of child support and alimony.

In the Fourth cause of action, the plaintiff claims that, pursuant to the Settlement Agreement, the debtor became obligated on December 31, 1983 to assign to her a $50,000.00 mortgage in lieu of a cash payment. The plaintiff asserts that this obligation was in consideration for her interest in certain real property. The plaintiff asserts that the debtor made various representations that he assigned the mortgage to her. In reliance on these representations, the plaintiff alleges that she transferred her interests in real and personal property to the debtor. Nevertheless, the plaintiff contends that the debtor assigned the mortgage to a third party without her knowledge. The plaintiff argues that her claim for $50,000.00 is non-dischargeable because

it represents alimony and child support under 11 U.S.C. § 523(a)(5). The plaintiff further alleges that the claim is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because the debtor obtained the mortgage from the plaintiff based upon misrepresentations and false pretenses. With regard to this allegation, the complaint provides as follows:

> The defendant did, during or about January 1, 1982, and at various times thereafter, represent to the plaintiff that defendant had assigned said mortgage to plaintiff, whereas defendant had sold and assigned said mortgage to a third party without the knowledge of the plaintiff.

*Amended Complaint,* at ¶ 33.

In the Fifth cause of action, the plaintiff claims that the defendant should be denied a discharge under 11 U.S.C. § 727(a)(2) and (a)(4)(A) and (D) because he failed to disclose his assets. The plaintiff alleges that the list of assets filed by the debtor with his Chapter 7 petition is materially incomplete. She also charges that the debtor concealed assets. The amended complaint states, in pertinent part, as follows:

> Upon information and belief, defendant filed with his Petition a list of his assets which is materially incomplete, and has done so and has failed to make full and proper disclosure as aforesaid with the intent to conceal his assets and financial affairs, so as to hinder and delay the Chapter 7 Trustee and the defendant's creditors, in violation of 11 U.S.C. Section 727(a)(2).

> Defendant both swore to and signed the Petition and accompanying list of his assets under penalty of perjury, and in doing so knowingly and fraudulently made a false accounting of his assets and financial affairs, and withheld material information relating thereto from the Chapter 7 trustee and his creditors, all in violation of 11 U.S.C. Section 727(a)(4)(A) and (D).

*Amended Complaint,* at ¶ 40 and ¶ 41.

The debtor seeks to dismiss the Third and Fourth causes of action on the ground that they fail to state a claim upon which relief can be granted. In support of this position, the debtor alleges that, under the terms of the Settlement Agreement, the plaintiff's claim is clearly dischargeable. The debtor asserts that under the Settlement Agreement, the plaintiff's claim represents equitable distribution rather than alimony and support. As equitable distribution, the debtor contends that the obligation is dischargeable. The debtor also argues that the plaintiff's Fourth cause of action must be dismissed because it violates Federal Rule of Civil Procedure 9(b) in that it does not particularize the alleged fraud. The plaintiff does not specify the extent, time, place or form of the fraud. Similarly, the debtor contends that the plaintiff's Fifth cause of action must be dismissed under Rule 9(b) because the plaintiff failed to specify how the debtor's list of assets is materially incomplete.

## DISCUSSION

### *Dismissal Under Federal Rule of Civil Procedure 12(b)(6)*

■ Under Federal Rule of Civil Procedure 12(b)(6), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a defendant may move to dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted. In determining a motion under Rule 12(b)(6), a court may not consider any material other than the pleadings. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *JM Mechanical Corp. v. United States,* 716 F.2d 190, 197 (3d Cir.1983). *Roth Steel Prod. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). However, if matters outside of the pleadings are introduced and are not excluded by the court, Rule 12(b) provides that:

> the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b).

■ In deciding a motion under Rule 12(b)(6), the court must presume all factual

allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Kugler v. Helfant*, 421 U.S. 117, 126 n. 5, 95 S.Ct. 1524, 1531 n. 5, 44 L.Ed.2d 15 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The moving party has the burden of proving that no claim is stated. *Johsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980); *In re Brandt–Airflex Corp.*, 69 B.R. 701, 708 (Bankr.E.D.N.Y.1987). The court should deny a motion under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ This court will not dismiss the Third and Fourth causes of action in the amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The allegations set forth in the Third and Fourth causes of action in the amended complaint assert a legally sufficient claim for relief. Pursuant to 11 U.S.C. § 523(a)(5)(B), an obligation to a former spouse or child that is in the nature of alimony, maintenance or support is not discharged. The plaintiff, in her amended complaint, asserts that part of the debtor's obligation to her is non-dischargeable because it represents alimony and support. Manifestly, the amended complaint states a claim upon which relief can be granted.

■ This court will not treat the debtor's motion under Rule 12(b)(6) as a motion for summary judgment. Although the plaintiff presented a copy of the Settlement Agreement to the court with the amended complaint and both parties submitted affidavits to the court with respect to the motion, it is inappropriate for the court to consider these materials. The court will not consider the photocopy of the Settlement Agreement which was submitted with the amended complaint because it is not certified and is illegible in many sections.

The court will not refer to the affidavits because they are deficient under Rule 56(e).

Rule 56(e) requires the parties to submit affidavits setting forth the material facts of the case. Pursuant to Rule 56(e), the affiant must have personal knowledge of the facts set forth in the affidavit and must be competent to testify to them. The plaintiff submitted a brief affidavit explaining that her claim is, in substance, alimony and support. The two page document does not set forth any specific, material facts as required by Rule 56(e). The affidavit submitted by the debtor is inadequate under Rule 56(e) because it was not prepared by someone with personal knowledge. Rather, it was executed by the debtor's attorney who is not a party to this action and does not have personal knowledge of the circumstances relating to the settlement agreement.

■ It should be noted, that it appears from the amended complaint and the affidavits submitted to the court that summary judgment is inappropriate this action because there are factual issues in dispute. A motion for summary judgment will not be granted where there is a legitimate dispute as to material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). In deciding an action to declare the non-dischargeability of a debt under 11 U.S.C. § 523(a)(5), the court must determine whether the obligation represents alimony or support, the court must look beyond the language of the agreement to the intent of the parties and to the substance of the agreement. *Long v. West (In re Long)*, 794 F.2d 928, 930 (4th Cir.1986); *In re Freyer*, 71 B.R. 912, 916 (Bankr.S.D.N.Y. 1987). In this case, it is apparent from the papers submitted to the court in connection with this motion that the plaintiff and the debtor dispute facts which establish the intent behind the Settlement Agreement. Thus, a motion for summary judgment will most likely not be granted.

### *Dismissal Under Federal Rule Of Civil Procedure 9(b)*

■ Federal Rule of Civil Procedure 9(b), incorporated by Federal Bankruptcy Rule 7009, provides as follows:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b). The debtor is entitled to have fair notice of the specifics of the plaintiff's claim to enable him to prepare an answer and a defense. *In re Colodner,* 147 B.R. 90, 95 (Bankr.S.D.N.Y.1992). Accordingly, the pleader must specify the time, place, the content of any allegedly fraudulent representation, the facts misrepresented, the identity of the perpetrator and the consequences of the fraud. *DeVittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242 (2d Cir.1987); *In re Johnathon B. Rand,* 144 B.R. 253, 258 (Bankr.S.D.N.Y.1992).

■ In this case, the Fourth and Fifth causes of action should be dismissed under Rule 9(b) because they fail to set forth the plaintiff's allegations of fraud with sufficient particularity. The plaintiff's Fourth cause of action, in which she seeks a declaration that her claim against the debtor is non-dischargeable under 11 U.S.C. § 523(a)(5), does not satisfy Rule 9(b) because it does not sufficiently set forth when and where the fraud occurred. Furthermore, the substance of the fraud is described so minimally that it cannot pass muster under Rule 9(b).

■ The plaintiff's Fifth cause of action, in which she seeks to deny the debtor's discharge under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A) and (D) for his failure to disclose assets, violates Rule 9(b) because it does not particularize the content of the alleged fraud. Although the plaintiff states that the debtor should be denied a discharge under 11 U.S.C. § 727(a)(2)(A) for failure to disclose assets, she does not specify what assets have been concealed. Similarly, the plaintiff's contention that the debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A) and (D) because he knowingly made a false accounting of his assets and withheld information relating to his financial condition, is deficient under Rule 9(b) because it does not articulate in what manner the debtor's financial statements are deficient and what material has been withheld. Instead, the complaint merely mirrors the statutory language.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the subject matter and parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I) and (J).

2. The debtor's motion to dismiss the plaintiff's Third and Fourth causes of action under Federal Rule of Civil Procedure 12(b)(6) is denied because the complaint states a cause of action upon which relief can be granted. The court declines to convert this motion to a motion for summary judgment because it is inappropriate, in this case, to consider materials other than the pleadings.

3. The debtor's motion to dismiss the plaintiff's Fourth and Fifth causes of action for failure to specify fraud with particularity is granted. However, the plaintiff is granted leave to amend the complaint in order to satisfy the requirements of Federal Rule of Civil Procedure 9(b).

4. The plaintiff's motion to compel discovery is granted. However, discovery shall not be conducted until the plaintiff's complaint is amended. The plaintiff's request for sanctions is denied.

SETTLE ORDER on notice.