# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

---

**BAP NO. MW 99-107**

---

**IN RE: AARON H. WATMAN,**
**Debtor.**

---

**LAWRENCE GROMAN,**
**Plaintiff-Appellant,**

**v.**

**AARON H. WATMAN,**
**Defendant-Appellee.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**[Hon. James F. Queenan, Jr., U.S. Bankruptcy Judge]**

---

**Before**

**GOODMAN, CARLO and DEASY, U.S. Bankruptcy Judges.**

---

Joseph S.U. Bodoff, Stephanie Kahn and Shechtman & Halperin on brief for appellant.

Peter J. Haley and Gordon & Wise L.L.P. on brief for appellee.

---

**June 30, 2000**

---

**Per Curiam**

The plaintiff appeals from an order issued by the United States Bankruptcy Court granting the debtor's motion to dismiss a complaint objecting to discharge under 11 U.S.C. §§ 727(a)(2) and (a)(7) and seeking to except the debt from discharge pursuant to 11 U.S.C. § 523(a)(6). For the reasons set forth below, we affirm as to the dismissal of the claim related to excepting the debt from discharge and reverse as to the objections to discharge under §§ 727(a)(2) and 727(a)(7).

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to review final decisions of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158. *See also* Sanford Institution for Savings v. Gallo, 156 F.3d 71, 74 (1st Cir. 1998). In determining whether a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, the court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. Berniger v. Meadow Green-Wildcat Corp, 945 F.2d 4, 5-6 (1st Cir. 1991)(citations omitted). Appellate review of a dismissal under Rule 12(b)(6) is plenary. Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991).

## BACKGROUND

The debtor, Aaron H. Watman ("Watman"), filed a voluntary petition for relief under Chapter 7 on March 22, 1999. On August 27, 1999, Lawrence Groman ("Groman") filed a complaint objecting to Watman's discharge under 11 U.S.C. §§ 727(a)(2) and (a)(7) and seeking to except the same debt from discharge pursuant to 11 U.S.C. § 523(a)(6).[1]

Groman's complaint alleged that Groman was the sole owner of all of the stock in Childrens Dental Associates of Lowell ("Childrens Dental"). Complaint Objecting to Discharge at ¶ 4. Groman agreed to sell all of the stock to Watman for the sum of $437,783.15. Id. The parties agreed to a payment schedule and Watman and Childrens Dental became jointly liable on the obligation. Id. In August of 1997, Watman and Childrens Dental defaulted on the obligation. Id. at ¶ 5. Groman sued Watman and Childrens Dental and obtained judgment against them in the amount of $437,918.00. Id. at ¶¶ 6-7. Thereafter, Watman caused Childrens Dental to cease its operations and diverted the patients and records to a separate dental practice that Watman simultaneously established in his own name. Id. at ¶ 12.a. Prior

---

[1] Groman's complaint also sought to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(4) and to obtain a declaratory judgment that claims arising out of Watman's post-petition conduct were not affected by the discharge. The count under section 523(a)(4) was withdrawn in response to the motion to dismiss. The count seeking declaratory relief is not the subject of this appeal.

to ceasing operations, Watman caused Childrens Dental to prepay one month of office rent, equipment leases, and health insurance premiums. Id. at ¶ 12.e. Watman also caused Childrens Dental to make a distribution to him, in addition to his salary, in the amount of $2,000.00. Id. at ¶ 12.f.

Watman was a member of a partnership that owned the building which housed the dental practice. Id. at ¶ 12.b. Watman canceled Childrens Dental's lease and began operating in the same space which Childrens Dental had occupied. Id. at ¶ 12.b.-12.c. Watman hired all of Childrens Dental's employees and began using the equipment and other personal property of Childrens Dental without compensation to Childrens Dental. Id. at ¶ 12.c. One week after transferring the dental practice to his own name, Watman set up a corporation known as Lowell Dentistry for Children, P.C. ("Lowell Dentistry") and operated with the patients, patient records, employees, equipment and other personal property, which had previously belonged to Childrens dental. Id. at ¶ 12.d. Over the course of these events, on March 22, 1999, Watman filed a voluntary petition under Chapter 7 and on March 24, 1999, Childrens Dental filed a voluntary petition for relief under Chapter 11. Id. at ¶ 11.

Groman alleged that Watman's actions constituted a transfer, removal, destruction, mutilation or concealment of assets with the intent to hinder, delay or defraud Groman within the meaning of 11

4

U.S.C. § 727(a)(2) and warranted a denial of his discharge. Id. at ¶ 13-18. Groman also alleged that Childrens Dental was an insider of Watman and Watman's actions constituted a transfer, removal, destruction, mutilation or concealment of assets of an insider in Childrens Dental's bankruptcy case, warranting the denial of Watman's discharge pursuant to 11 U.S.C. § 727(a)(7). Id. at ¶¶ 19-22. Finally, Groman alleged that Watman's actions constituted willful and malicious injury to another entity or the property of another entity within the meaning of 11 U.S.C. § 523(a)(6) and thus should be declared nondischargeable.

Watman filed a motion to dismiss the complaint for failure to state a claim under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6). Watman essentially argued that to succeed in a dischargeability action the property transferred must have been property of the debtor. Since Watman was not the owner of the property owned by Childrens Dental as a corporation, he claimed that he can not be held liable for the transfer or diminution of the property of Childrens Dental. As to the willful and malicious injury, Watman argues that to sustain a cause of action under § 523(a)(6), Groman must show more than a knowing breach of contract.

On November 29, 1999, after a hearing, the bankruptcy court granted Watman's motion to dismiss concluding that 11 U.S.C. §§ 727(a)(2) and 727(a)(7) require a transfer of the debtor's assets and that the complaint only alleged a transfer of Childrens

5

Dental's assets. Under § 523(a)(6), the bankruptcy court concluded that any intentional and malicious injury alleged was to Childrens Dental's property not to Groman's property. Groman filed a timely notice of appeal.

**DISCUSSION**

Willful and Malicious Injury

Section 523(a) of the Bankruptcy Code provides that an individual debtor may not receive a discharge of certain types of debts. 11 U.S.C. § 523(a). Subsection (a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." 11 U.S.C. § 523(a)(6).

In an effort to resolve divergent views among the various circuits regarding the proper interpretation of § 523(a)(6), the United States Supreme Court has recently spoken on the issue. In Kawaauhau v. Geiger, 523 U.S. 57 (1998), the Court held that in order to succeed on a § 523(a)(6) action, a plaintiff must show that the debtor acted with an intent to cause injury rather than merely intentionally committing an act that results in injury. See Kawaauhau, 523 U.S. at 61. The Court of Appeals for the First Circuit has recently applied this standard. *See* Roumeliotis v. Popa (In re Popa), 140 F.3d 317 (1st Cir. 1998). In taking a restrictive view of § 523(a)(6), the Kawaauhau Court explicitly stated that a "knowing breach of contract" would not fall under §

6

523(a)(6)'s umbrella. *See* <u>Kawaauhau</u>, 523 U.S. at 61 (citing the Eighth Circuit's decision below, 113 F.3d 848, 852 (1997) (*en banc*)). That is, a mere intentional breach of contract will not trigger § 523(a)(6) when not accompanied by an intent to cause injury.[2]

Section 523(a)(6) applies to two alternative forms of willful injury: (1) injury to another entity (which, pursuant to § 101(15), can include a person); or (2) injury to another entity's property. <u>See</u> 11 U.S.C. § 523(a)(6). As the bankruptcy court noted, the plaintiff cannot succeed on a § 523(a)(6) claim based on injury to property given that any injury was to property owned by Childrens

---

[2] Many courts establish a clear demarcation between tort and contract claims in applying § 523(a)(6). Such courts categorically hold that § 523(a)(6) applies to the former, but not the latter. *See, e.g.,* <u>Petralia v. Jercich (In re Jercich)</u>, 243 B.R. 747, 750 (B.A.P. 9th Cir. 2000) ("[T]he exception from discharge for debts arising from willful and malicious injury has been applied to tort claims, not contract claims."). Indeed, the <u>Kawaauhau</u> decision is capable of such a broad interpretation given its directive that § 523(a)(6) should not apply to knowing breaches of contract. However, a close reading of <u>Kawaauhau</u> reveals a less sweeping distinction. In excepting knowing breaches of contract from the purview of § 523(a)(6), the <u>Kawaauhau</u> Court intended to show that a mere intentional contract breach would not implicate § 523(a)(6) without more. The entire thrust of the <u>Kawaauhau</u> decision is the distinguishing of intentional actions that result in injury (which do not trigger § 523(a)(6)) from actions that are intended to cause injury (which do trigger § 523(a)(6)). A knowing breach of contract on its own, which is an intentional act, would therefore not be subject to a § 523(a)(6) action. However, if a party intentionally breached a contract and, in doing so, also intended to cause injury, a § 523(a)(6) action could arguably be made out. Although a distinction between tort and contract claims in the context of § 523(a)(6) is appealing given its ease of application, such a distinction without more seems over-inclusive.

Dental and not the plaintiff. Nothing in the record indicates that, subsequent to the stock sale, the plaintiff had any property rights in any of the assets later transferred by the debtor, the act that is alleged to have caused injury.[3]

Although the plaintiff cannot show an injury to property, taking the facts in the light most favorable to the plaintiff, he could show an injury to an entity, namely the plaintiff. If the facts are taken as true and all reasonable inferences resolved in the plaintiff's favor, it appears that the plaintiff could show that in transferring the assets of Childrens Dental, the debtor intended to injure the plaintiff. However, the plaintiff's § 523(a)(6) claim fails for an alternative reason.

Section 523(a)(6) clearly provides that its exception to discharge applies to "any debt . . . for willful and malicious injury. . . ." 11 U.S.C. § 523(a)(6). Accordingly, to trigger § 523(a)(6), a debt must *arise* from a willful and malicious injury. In other words, there must be a clear link between the debt and the injury complained of. The quintessential § 523(a)(6) action, therefore, is an intentional tort, the commission of which gives

---

[3] In fact, nothing in the record indicates that the plaintiff took a security interest in any of Children Dental's stock or assets in an effort to secure his note. If the plaintiff was a secured creditor, there might be an argument that the debtor committed the tort of conversion in later fraudulently transferring assets of Childrens Dental and therefore injured the plaintiff's property. *Cf.* Huntington Nat'l Bank v. Parton (In re Parton), 137 B.R. 902, 907 (Bankr. S.D. Ohio 1991).

8

rise to a consequent debt. *See, e.g.,* <u>Kawaauhau</u>, 523 U.S. at 59-60. However, in the instant case, there is no such link between the debt and the alleged injury. The debt at issue arose years before the alleged injurious transfer of assets by the debtor. The debtor's transfer of Children Dental's assets did not give rise to the instant debt sought to be excepted from discharge. Section 523(a)(6)'s requisite link is therefore not present. Accordingly, we affirm the bankruptcy court's dismissal of Count IV of Groman's complaint.

<u>Transfer of Property of the Debtor</u>

The Bankruptcy Code provides that:

> (a) The Court shall grant the debtor a discharge, unless-- (2) the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-- (A) property of the debtor, within one year before the date of the filing of the petition; . . .

11 U.S.C. § 727(a)(2)(A).

The bankruptcy court found that the complaint alleged a fraudulent transfer of assets owned by Children's Dental, but that it did not allege a transfer of the debtor's assets. Hearing Transcript, November 29, 1999 at pp. 16-17. The court concluded that § 727(a)(2)(A) requires a prepetition transfer by the debtor of the debtor's assets. <u>Id</u>. at p. 17.

We agree with the bankruptcy court's reading of § 727(a)(2)(A) to require the debtor to transfer property of his own. *See* <u>Mcorp</u>

9

Management Solutions, Inc. v. Thurman (In re Thurman), 901 F.2d 839, 841 (10th Cir. 1990); Rothman v. Beeber (In re Beeber), 239 B.R. 13, 26 (Bankr. E.D.N.Y. 1999); Cambridge Tempositions, Inc. v. Cassis, III (In re Cassis, III), 220 B.R. 979, 983-84 (Bankr. N.D.Iowa 1998); World Plus, Inc. v. Bonham (In re Bonham), 224 B.R. 114 (Bankr. D.Alaska 1998); BPS Guard Services, Inc. v. Woodhead (Matter of Woodhead), 172 B.R. 628, 633 (Bankr. D.Neb. 1994); Riumbau v. Colodner (In re Colodner), 147 B.R. 90, 93 (Bankr. S.D.N.Y. 1992). Notwithstanding, we conclude that the bankruptcy court failed to consider the allegations of Groman's complaint, wherein he specifically alleged a transfer of property first from Childrens Dental to Watman and *second* a transfer from Watman to Lowell Dentistry. The facts are not clear as to the form in which Watman held the assets after the transfer from Childrens Dental to himself, but the allegations are not that Watman established Lowell Dentistry and caused the transfer of Childrens Dental's assets directly to Lowell Dentistry. The complaint states that Watman diverted patients (and their records) from Childrens Dental to a separate dental practice that Watman established in his own name. Complaint Objecting to Discharge at ¶ 12.a. The complaint also alleges that Watman hired all of Childrens Dental's employees and began his own dental practice with the equipment and personal property of Childrens Dental. Id. at ¶ 12.c. The complaint thereafter alleges that Watman then set up Lowell Dentistry and

10

transferred the patients, patient records and other assets to Lowell Dentistry. Id. at ¶ 12.d. Based on these allegations, we conclude that Groman's complaint states a cause of action under 11 U.S.C. § 727(a)(2)(A).

Transfer in Connection with Case of an Insider

Section 727(a)(7) provides that a Chapter 7 debtor will not receive a discharge when:

> the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider.

11 U.S.C. § 727(a)(7). The application of § 727(a)(7) has been explained as follows:

> Section 727(a)(7) extends the basis for denial of discharge to the debtor's misconduct in a substantially contemporaneous related bankruptcy case. Thus if the debtor engages in objectionable conduct in a case involving [an insider], the debtor may be denied a discharge in the debtor's own case.

King et al., Collier on Bankruptcy ¶ 727.10 (15th rev. ed. 1998). The plaintiff alleges that the debtor should be denied a discharge pursuant to § 727(a)(7) because he committed acts prohibited by § 727(a)(2) in connection with Childrens Dental's Chapter 11 case. Accordingly, to trigger § 727(a)(7), the plaintiff must show: (1) the debtor engaged in activities prohibited by § 727(a)(2) in connection with Childrens Dental's bankruptcy case; and (2) that Childrens Dental is an insider.

11

In cases in which a debtor is an individual, an insider includes a "corporation of which the debtor is a director, officer, or person in control." 11 U.S.C. § 101(31)(A)(iv). The debtor was the sole officer and shareholder, and wholly owned and controlled Childrens Dental. Thus, Childrens Dental qualifies as an insider of the debtor for purposes of § 727(a)(7). Accordingly, the debtor will be denied a discharge if he committed any of the acts prohibited by § 727(a)(2) with respect to Childrens Dental's case.

The bankruptcy court found that § 727(a)(7), when coupled with § 727(a)(2), requires a "transfer by the debtor of the debtor's assets." Hearing Transcript, November 29, 1999 at 17. The court found that Groman's complaint was insufficient because it did not allege a transfer of Watman's assets but rather that Watman caused the transfer of Childrens Dental's assets. *See* <u>id</u>*.* In other words, the court, in applying § 727(a)(2) as coupled with § 727(a)(7), uncoupled the two provisions by analyzing them independently. Such a position is at odds with the vast majority of case law interpreting §§ 727(a)(7) and (a)(2), which links the two provisions by allowing an individual debtor's discharge to be denied when he or she transfers, removes, destroys, mutilates, or conceals property of an insider corporation in violation of § 727(a)(2) when the insider corporation is the subject of a separate bankruptcy case. *See, e.g.,* <u>In re Krehl</u>, 86 F.3d 737 (7th Cir. 1996) (individual debtor's discharge properly denied for removing,

12

concealing and transferring property belonging to bankruptcy estate of insider corporation); Barclays/American Business Credit, Inc. v. Adams (In re Adams), 31 F.3d 389 (6th Cir. 1994) (individual debtor properly denied a discharge pursuant to § 727(a)(2), by incorporation through § 727(a)(7), for transferring accounts receivables of corporation with intent to hinder or delay collection of debt), *cert. denied*, 513 U.S. 1111 (1995); Commerce Bank & Trust Co. v. Burgess (In re Burgess), 955 F.2d 134 (1st Cir. 1992) (individual Chapter 7 debtor could be denied a discharge pursuant to §§ 727(a)(2)(A) and 727(a)(7) for transferring proceeds from insider corporation's accounts receivable to debtor's personal checking account if the transfers were made with the intent to hinder, delay or defraud creditors); Mercantile Bank of Joplin N.A. v. Nicsinger (In re Nicsinger), 136 B.R. 228 (W.D. Missouri 1992) (individual debtor properly denied discharge pursuant to § 727(a)(7) for transferring account receivable of insider corporation to third party with intent to hinder, delay or defraud a creditor); 718 Arch Street Assoc., Ltd. v. Blatstein (In re Main), 213 B.R. 67 (Bankr. E.D. Pa. 1997) (individual Chapter 7 debtor who orchestrated fraudulent transfer of insider corporation's assets through collusive foreclosure sale denied discharge pursuant to §§ 727(a)(2)(a) and 727(a)(7)), *aff'd in part & rev'd & remanded in part on other grounds sub nom*, 226 B.R. 140 (E.D. Pa. 1998), *remanded portions reinstated*, 1998 WL 778017

13

(Bankr. E.D. Pa. 1998); Consumers United Capital Corp. v. Greene (In re Greene), 202 B.R. 68 (Bankr. D. Md. 1996) (individual debtor denied a discharge for causing the transfer of insider corporation's assets with intent to hinder creditor's collection efforts); First City Bank-Central Park v. Powell (In re Powell), 88 B.R. 114 (Bankr. W.D. Tex. 1988) (individual debtor denied a discharge pursuant to § 727(a)(7) for failing to account for the deterioration of an insider corporation's inventory or preserve the corporation's records); Chicago Title Ins. Co., Inc. v. Mart (In re Mart), 75 B.R. 808 (Bankr. S.D. Fla. 1987) (individual debtor denied discharge pursuant to § 727(a)(7) for actions in transferring assets of corporation, in which individual was insider, with the intent to hinder, delay or defraud creditor of corporation); Kunce v. Kessler (In re Kessler), 51 B.R. 895 (Bankr. D. Kan. 1985) (individual debtor denied a discharge under § 727(a)(7) for concealing funds of insider corporation).

Based on the weight of authority supporting the plaintiff's interpretation of §§ 727(a)(7) and (a)(2), and the clear purpose of § 727(a)(7), we conclude that to deny a discharge under § 727(a)(7) in connection with § 727(a)(2), the following must be shown:

1.  The debtor transferred, removed, destroyed, mutilated, or concealed, or has permitted such things to be done to, property of an insider, where the insider is the subject of a separate bankruptcy proceeding;

2.  Such action was done with an intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code; and

14

> 3. Such action was done during the case of the debtor whose discharge is under attack, or within one year preceding such a case.

*See* <u>Schwartz v. Goodman (In re Goodman)</u>, 227 B.R. 626, 629 (Bankr. E.D. Pa. 1998) (stating that the time limits provided for by § 727(a)(7) relate to the bankruptcy case of the debtor whose discharge is at issue and not the insider's case). In his complaint, Groman alleged that Watman transferred patients, records, funds, employees, equipment, and other personal property of Childrens Dental to himself and then to a separate corporation with the intent to hinder, delay, or defraud Groman. Given that Childrens Dental is the subject of a Chapter 11 proceeding, we conclude that these allegations clearly state a cause of action pursuant to § 727(a)(7) in connection with § 727(a)(2). Taking the allegations of the complaint as true, we conclude that Watman's actions in orchestrating the transfer of Childrens Dental's property are exactly the type of conduct prohibited by § 727(a)(7) in conjunction with § 727(a)(2).

## CONCLUSION

The bankruptcy court erred in concluding that the plaintiff's complaint failed to state causes of action under 11 U.S.C. §§ 727(a)(2) and 727(a)(7).  Accordingly, we REVERSE AND REMAND the bankruptcy court's order granting the debtor's motion to dismiss the adversary complaint for further proceedings consistent with this opinion.  We AFFIRM the bankruptcy court's dismissal of Count IV of the complaint wherein the plaintiff alleged that the claim should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

**SO ORDERED.**